Brown *et al. vs.* Wells.

be imputed. In the case at bar, we think the words actionable *per se,* and the *innuendo* surplusage.

Judgment reversed.

---

JOHN W. BROWN *et al.,* plaintiffs in error, *vs.* ELI B. WELLS, tenant, defendant in error.

(BY TWO JUDGES.) A mere squatter on a lot of land, without color of title or claim of right, cannot defeat the title of the true owner by conveying the land to other purchasers, who have full knowledge of the nature and character of the title when they purchase it, although they may have been in possession of the land for seven years under such title. The law will not permit the true owner to be defrauded of his land in that way. 12th February, 1872.

New trial. Prescription. Before Judge PARROTT. Lumpkin Superior Court. September Term, 1871.

This was ejectment against Wells, tenant, in possession, begun on the 24th of April, 1861. Plaintiff read in evidence a regular chain of titles from the State to plaintiff's lessors, proved the *locus* and tenancy, and closed. Defendant introduced a quit-claim deed from George Williams to Nicholson, dated the 5th of May, 1851; one from Nicholson to William M. Williams, dated 28th November, 1851; one from Williams to Wade, dated the 19th of November, 1852; and one from Wade to Wells, dated the 1st of October, 1854. He then showed as follows: one Harper took possession of said land in 1840, when it was wild, and built upon it; about the same time George Williams built upon another part of said lot; they remained in possession till 1848 or 1849, when Harper gave up his claim to George Williams and moved away. Possession was held by George Williams and those holding under him, up to the bringing of this suit. On the other hand, it was shown that Wells, and each of said parties under whom he claimed, had notice that none of the

others claimed any title to the premises, except what might arise from having possession.

The Court charged the jury that seven years' peaceable, continuous possession of land with claim of right will ripen into a good title by prescription against all persons except the State, or those laboring under disabilities to sue, and if defendant, or those under whom he claimed, held said land either seven years under color of title or by twenty years' actual adverse possession, the jury were authorized to find for defendant; and the possession of defendant and those under whom he held might be tacked together. If a party enter upon land of another with intent to hold, without buying it, it would be a fraud against a true owner, and a possession so originating would never ripen into a prescriptive title. The jury found for the plaintiff. Defendant moved for a new trial upon the grounds that the verdict was contrary to the law and charge of the Court, and because the last sentence of the charge is wrong. The Court granted a new trial. This is assigned as error.

H. P. BELL, for plaintiff in error. New trial: 15 Ga. R., 202; 20th, 732, secs. 2628, 2642.

WEIR BOYD, for defendant. Prescriptive title: R. Code, secs. 2636-7-8-9, 2640, 2647.

WARNER, Chief Justice.

This was an action of ejectment to recover the possession of a lot of land in Lumpkin county. The plaintiff showed a regular chain of title to the premises in dispute, from the State. The defendant claimed a title to the land under the Statute of Limitations, or a statutory right by prescription. The jury found a verdict for the plaintiff, and the Court below granted a new trial. Whereupon, the plaintiff excepted.

It appears from the evidence in the record that Williams went into the possession of the land as a mere squatter, without color of title. Williams sold the land to Nicholson, and

made him a quit-claim title. Nicholson and William W. Williams conveyed the land to Wade, and Frances Wade conveyed the land to Wells, the defendant, who lived about a mile from the land, and in the language of one of the witnesses, Wells of course knew all about the facts of Williams', Nicholson's and Wade's claim to the land. Wade knew that the land did not belong to him, but claimed it. Wells knew how the land was all the time. The point in the case is, whether the defendant, under the evidence, was a purchaser of a mere squatter's title, or whether he was a purchaser under a *bona fide* claim of right to the land. If he *knew* at the time of the purchase that he was only purchasing a mere *squatter's title*, he stands in no better condition than the original squatter as against the title of the true owner of the land. And we think there is sufficient evidence in the record to sustain the verdict of the jury on this point in the case, and that the Court below erred in setting the verdict aside and granting a new trial. A mere squatter on a lot of land, without color of title or claim of right, cannot defeat the title of the true owner by conveying the land to other purchasers who have full knowledge of the nature and character of the title when they purchase it, although they may have been in possession of it for seven years under such title. The law will not permit the true owner to be defrauded of his land in that way.

Let the judgment of the Court below be reversed.