Hall *et al. vs.* English.

---

JOEL HALL *et al.*, plaintiffs in error, *vs.* AARON ENGLISH, defendant in error.

1. Where there are conflicting claims to property, and the equities of the respective parties necessarily depend upon the facts which may be proven on the trial, it is right and proper that the same should be definitely settled by the decree of the Court before the property is sold, so that it may bring its full value, and that the purchaser may know what he purchases at the sale. (R.)
2. A Court of equity having obtained jurisdiction of a cause, will retain it so as to make a final decree as to the respective rights and equities of the parties, and not send them to a Court of law where the remedy would not be as adequate and complete. (R.)
3. A Court of equity and a Court of law having concurrent jurisdiction, the Court first taking jurisdiction will retain it. (R.) ╲

Injunction. Bond for titles. Jurisdiction. Before Judge ANDREWS. Warren county. At Chambers. December 19th, 1872.

Aaron English filed his bill against Joel Hall and C. C. Lowe, sheriff of Warren county, containing, substantially, the following allegations:

That in the year 1860, Hall obtained from Anton Wolfe a mortgage on a lot in the town of Warrenton, which was duly

recorded; that the mortgage was foreclosed and the execution levied upon said lot, which was duly claimed by the complainant and the sale stopped; that the claim aforesaid was based upon the fact that the lot was formerly owned by one Thomas J. Roberts, who contracted with said Wolfe to sell him the same for a certain price in money; that no conveyance was made, but a bond was executed, conditioned to make Wolfe a title when the purchase money was paid; that no part of the purchase money was ever paid by Wolfe, and after the debt became due, Roberts, by his attorney in fact, Josephus Hillman, sold said lot to complainant and made him a deed to the same; that complainant is now in possession of said property; that Hall filed his bill against complainant and one Sarah Harbuck, tenant in possession, restraining complainant from asserting his title to said lot, to which bill a demurrer and answer were filed; that the relief prayed for in said bill was to set aside said deed to complainant; that said equity cause stood for trial, undisposed of, until the October term, 1872, of Warren Superior Court, when said cause was called for trial and the complainant in said bill announced ready; that complainant not being present, and his counsel, E. H. Pottle, Esq., not being able to proceed in his absence, and without any knowledge of the reason of his absence, had his name stricken from the docket; that said cause was then disposed of by a decree canceling the deed made to complainant as aforesaid; that said decree was taken without there being any pleadings in Court, the same having been lost or mislaid, and without the intervention of a jury; that complainant resides in Washington county, and was, during said term of the Court and for some time previous, afflicted in mind and body; that he was confined to his bed, and had no capacity to manage or direct any business, or to make any preparations for the trial of said cause, and that none of his family knew of the condition of said cause; that the presence of complainant was absolutely necessary to his counsel, in the conduct of the case, and his testimony important to the defense; that complainant waives discovery: Prayer, that said

decree may be opened and declared null; that the said cause may be reinstated for trial; that said defendants may be enjoined from proceeding with said levy and sale.

The injunction was granted in accordance with the prayer of complainant's bill.

The defendant, Hall, answered the bill, substantially, as follows, to-wit: That it is true that Wolfe bought of Roberts said lot of land and failed to pay for the same, as alleged in complainant's bill; that Wolfe, desiring to improve said vacant lot, bought, for that purpose, lumber from defendant and mortgaged to him said lot to secure the payment for the same; that Wolfe ran away, but informed defendant, before this litigation commenced, that he left his bond for titles in his drawer at his place of business, without having assigned the same to any one, and that complainant got possession of it fraudulently and without his consent; that, after Wolfe ran away, complainant took said bond for titles to the agent of Roberts, paid the money due upon it, about $57 50, and induced said agent to make a title to the land; that complainant, at the time the deed was made had both actual and constructive notice of the mortgage to defendant.

After answer filed, a motion was made to dissolve the injunction. After argument had, the Chancellor passed the following order:

"Ordered, that the injunction be dissolved so as to allow the claim case, mentioned in the pleadings, to be tried, or any other case that may be made to try the rights of property in said lot, provided that on such trial or trials the decree of last Warren Superior Court, mentioned in the pleadings, be considered as annulled, and the bill on which it was founded dismissed, and that the parties be permitted to proceed as if there had been no such bill or decree.

"Further ordered, that the sale of the lot mentioned in the pleadings stand enjoined until further order may be had in the premises."

To which order defendants excepted, and assign the same as error.

ROBERT TOOMBS, for plaintiffs in error.

E. H. POTTLE, for defendant.

1st. Allegations in answer not responsive to bill cannot be used on motion to dissolve: Code, section 3154; 1 Ga. R., 7; 9 *Ibid*, 95; 16 *Ibid*, 398; 31 *Ibid*, 304.

2d. Discretion as to granting or dissolving injunction not controlled unless abused: Code, section 3154; 34 Ga. R., 125, 282; 35 *Ibid*, 252.

3d. A Court will not turn English out of possession when he could have acquired it by suit: 39 Ga. R., 201; 40 *Ibid*, 35; 19 *Ibid*, 456; 10 *Ibid*, 117.

WARNER, Chief Justice.

This was a bill filed by the complainant for a new trial, and praying for an injunction. The injunction was granted, the defendant answered the bill, and made a motion to dissolve it. The Court overruled the motion to dissolve the injunction, but modified it so as to meet the exigencies of the case in the exercise of the discretion vested in it by law. To this ruling of the Court the defendant excepted. The complainant's absence from the Court, for providential cause, at the trial, is conceded, but it is said there is no merit in his application for a new trial, and that he has an adequate remedy at law. It appears, from the record, that Hall obtained a mortgage from Wolfe on a lot in the town of Warrenton, to secure the payment of a debt due by Wolfe to Hall, which had been duly recorded, foreclosed, and execution levied on the lot as Wolfe's property, which was claimed by English, the complainant, as his property. Hall filed a bill to set aside English's deed, under which he claimed title to the lot, and which was the foundation of the claim interposed by him to prevent the sale of the lot as Wolfe's property. At the last October term of Warren Superior Court the equity cause was called, and a decree rendered, setting aside the deed of English, and directing the same to be canceled. The complainant

Hall *et al. vs.* English.

alleges that he was prevented from attending the Court, by providential cause, and thereby prevented from making his defense as he otherwise would have done; that Wolfe, Hall's mortgager, had no title to the lot, but simply a bond for titles from Roberts, from whom he purchased, conditioned to make title when the purchase money was paid; that Wolfe never paid any part of the purchase money for the lot; that after the purchase money became due, English, the complainant, purchased the lot from Roberts, who had the legal title thereto, which was conveyed by the deed of Roberts to him, and this was the deed which the decree of the Court canceled. It appears, from the affidavit of Hillman, who made the deed to the lot under a power of attorney from Roberts, to English, the complainant, that he, English, produced Roberts' bond to Wolfe without any transfer of the same by Wolfe to him, paid Wolfe's note, and he made a deed for the lot to English; that when Wolfe purchased the lot from Roberts, it was a vacant lot; Wolfe built a house on it with lumber purchased from Hall, the payment for which the mortgage was given by Wolfe to Hall to secure; that English, at the time he took the deed knew of Hall's mortgage to secure the payment for the lumber of which the house was built, said that he thought by purchasing the house and lot he could save something, (as Wolfe was indebted to him) by paying mortgage claim, and original cost for vacant lot. What may be the equities of the respective parties to this property must necessarily depend upon the facts which may be proved on the trial of the cause, and it is right and proper that the same should be definitely settled by the decree of the Court before the property is sold, so that the property may bring its full value, and that the purchaser may know what he purchases at the sale. A Court of equity having obtained jurisdiction of the cause, will retain it so as to make a final decree as to the respective rights and equities of the parties, and not turn them round to litigate, in a Court of law, where the remedy, in our judgment, would not be as adequate and complete as in the Court where they now are, but conceding that the complainant's remedy in

a Court of law and a Court of equity is concurrent, the Court first taking jurisdiction of the case will retain it: Code, section 3041. In view of the facts of this case as disclosed in the record there was no error in the judgment of the Court in granting the injunction, which will authorize this Court to interfere and control that judgment by reversing it.

Let the judgment of the Court below be affirmed.