## LEE *v.* OGDEN, executrix.

The fraud meant by the code in declaring that possession in order to be the foundation of prescription must not originate therein, is actual, moral fraud, a wrongful act, and not an act which the law denominates a fraud regardless of the *bona fides* of the parties.

(a) *Hunt* v. *Dunn,* 74 *Ga.* 120, disapproved.    *Brown* v. *Wells,* 44 *Ga.* 573, distinguished.

July 8, 1889.

Prescription.  Fraud.  Notice.  Title.  Before Judge HINES.  Dodge  county.·  At  chambers,  January  20, 1888.

| 83 | 325 |
| 98 | 387 |
| 99 | 731 |
| 83 | 325 |
| 101 | 8 |
| 83 | 325 |
| 111 | 805 |
| 83 | 325 |
| 118 | 480 |
| 83 | 325 |
| 126 | 41 |
| 83 | 325 |
| 129 | 621 |

Reported in the decision.

ROBERTS & SMITH and J. H. MARTIN for plaintiff.

DeLACY & BISHOP, for defendant.

SIMMONS, Justice.

Mrs. Lee brought complaint for land against Eastman. On the trial she offered the following evidence: The will of her father, Levi Harrell, dated June 10th, 1856, directing his executor, L. L. Harrell, to sell the property not specifically disposed of, and make an equal division of the money among his children, of whom the plaintiff was one, and directing that the shares which his daughters received should be free from the disposition or liabilities of their husbands, being given to them for their use and benefit during their natural lives, and after their respective deaths to be divided among whatever children they might leave then surviving, their husbands to have the use of the property for the support of the families; and the executor of the will being appointed trustee for the testator's daughters, with the direction that he control their property so far as to protect it from the debts, contracts or disposition of their present or future husbands. L. L. Harrell qualified as the executor December 4th, 1865. The plaintiff also offered in evidence an order of the ordinary, dated March 10th, 1866, allowing the executor to sell the real estate for the purpose of division among the heirs; a deed dated December 4th, 1866, from Harrell, the executor, to himself, as trustee for the plaintiff, conveying the land in dispute to himself as trustee; a deed dated July 2d, 1870, from Harrell, trustee to the defendant.

The defendant introduced the following evidence: A deed dated March 16th, 1870, from the plaintiff, Mrs. Lee, and her husband, to the defendant, conveying the property in dispute; the petition of L. L. Harrell, trustee, to the chancellor, for leave to sell the land in dispute, and an order from the chancellor, dated at

chambers July 2, 1870, authorizing the trustee to sell
and convey the land therein mentioned; and a deed from
Harrell, trustee, made pursuant to the order of the chan-
cellor.   The defendant testified that he purchased the
land from Harrell, trustee, and had been in possession
from the time of the purchase to the time of the trial,
about seventeen years.   He also testified that before he
purchased this land from the trustee, he had purchased
it from the plaintiff, but upon being informed that the
legal title was in the trustee, he purchased the land from
him, after the trustee had obtained an order from the
chancellor authorizing him to sell the same.   Harrell,
the trustee, also testified then when he heard that the
defendant had bought the land from the plaintiff, Mrs.
Lee, he informed the defendant that his deed was not
good, that the title would have to be made by the trus-
tee; and that he consulted the plaintiff, Mrs. Lee, about
it, and she consented for the trustee to sell the land to
the defendant; and that he made the deed to the de-
fendant under the order of the court, and sold him the
land at the request of the plaintiff and her husband,
and paid them the purchase money.   Mrs. Lee denied
that she signed the deed which purported to be signed
by her and her husband, and denied that she ever con-
sented to the sale thereof, or that she received any of
the purchase money; she further testified that she never
objected to the defendant making improvements on the
land, and did not set up any claim to the land after he
bought it.   There was other evidence, tending to show
that the signature of Mrs. Lee's name to the deed was
in the handwriting of her husband.

The jury found for the defendant, and the plaintiff
moved for a new trial on the grounds that the verdict
was contrary to law and to the evidence, and because
the court charged as follows:  " Possession, to be the
foundation of a prescriptive title, must be in the right
of the possessor and not of another; must not have

originated in fraud ; must be public, continuous, exclusive, uninterrupted and peaceable, and be accompanied by a claim of right. If Eastman held possession in his own right for seven years prior to the bringing of this suit, and that possession was public, continuous, exclusive, uninterrupted, peaceable and accompanied by a claim of right, and did not originate in fraud, then he has a good prescriptive title. Mere notice to him that the plaintiff was the owner of the land in dispute, is not such fraud as would defeat his prescriptive title, if he acted in good faith, believing that he was acquiring her title under the order of the chancellor, if his object was to acquire her title." The last sentence of this charge is assigned as error. Counsel for the plaintiff in error insist that the defendant having purchased the land from Harrell, the trustee, with notice of the plaintiff's title, his possession originated in fraud, and therefore could not ripen into a prescriptive title.

We do not agree with them in this view of the law. " When the code declares that possession, to be the foundation of prescription, must not originate in fraud, we think the fraud meant is actual fraud, a moral fraud, a wrongful act, and not a legal fraud, which the law denominates a fraud regardless of the *bona fides* of the parties." *Ware* v. *Barlow*, 81 *Ga.* 1, and authorities there cited. This is the settled doctrine of this court, and will not be disturbed.

Counsel for the plaintiff in error relied on the case of *Hunt* v. *Dunn*, 74 *Ga.* 120. That case seems to be in direct conflict with the uniform rulings of this court. See the cases cited in *Ware* v. *Barlow, supra.* It does not cite these cases, nor overrule them, and we are disposed to follow the earlier cases, and those made since the decision in 74 *Ga.* If the doctrine announced in 74 *Ga.* be correct, there is no use for the doctrine of prescription. The statement of facts in that case shows that when Cross bought the land, he investigated the

title and thought that the title he purchased was a better title than Lyle's. There is nothing indicated in the evidence in that case which tended to show that Cross was guilty of any actual fraud, moral fraud or wrongful act. He may have been mistaken in his judgment as to which was the better title, but the element of bad faith is wanting in the transaction. When the doctrine of prescription is involved in a suit in ejectment, good faith is one of the main elements in the case; and as we have uniformly held, mere notice of an outstanding title is not evidence of bad faith. Good faith is not inconsistent with such notice. If a person buys land in good faith, believing he is obtaining a good title, and enters into possession thereof, and remains there continuously, uninterruptedly, peaceably, etc., for seven years, that possession ripens into a good title, whether the title he purchased originally was good or not. The very object of the doctrine of prescription is to make a bad title good when the necessary requisites have been complied with. Of course, if a person purchases land in bad faith, knowing that the title he purchases is fraudulent, it can never ripen into a good title; and that was the character of the case of *Brown* v. *Wells*, 44 *Ga.* 573, cited in 74 *Ga.* in *Hunt* v. *Dunn, supra.* In that case, Wells' title originated from a squatter, who never had any title to the land, nor claimed any, and Wells and those under whom he claimed all knew this to be true. That title, of course, originated in actual fraud. It was a moral wrong on the part of Wells and those under whom he claimed, to oust the true owner of the land; and this court so held. The other case cited (*Winfield* v. *Virgin*, 51 *Ga.* 139) sustains our view of the law. That case holds that the fraud must be a moral fraud, a covinous intention in procuring the deed. The other cases cited are upon the subject of what is notice, and are not inconsistent with the doctrine we lay down in this case.

While we cannot overrule the case of *Hunt* v. *Dunn,* *supra,* one of our associates being providentially absent, and no request having been made to us to review it, we express our decided disapprobation of the doctrine announced therein.                    *Judgment affirmed.*