### LANE *v.* LANE.

1. An action to bring an administrator and guardian to account and to recover money alleged to be due by him in both or either of those capacities, is barred by the statute of limitations where the plaintiff waits about thirteen years after attaining his majority before making a demand on the defendant either for information or for a settlement, and before bringing his suit, and where he was grossly negligent in looking after his rights, and the exercise of the slightest diligence would have enabled him to discover at any time the existence of the frauds alleged to have been perpetrated by the defendant, and no sufficient reason appears for not having ascertained the truth and brought the suit. (R.)

2. If the defendant's possession originated in actual, moral fraud, no prescriptive title could ripen in his favor against the plaintiff; and though the lands alleged to have been converted by the defendant to his own use are loosely described, yet, taking the allegations and exhibits together, the description is sufficient to identify them, and may be made more full and complete by amendment. There being no special demurrer to so much of the petition as seeks a recovery of the land, but only a general motion to dismiss on the ground that no legal cause of action is set forth, there is enough to retain the action for the recovery of the plaintiff's interest in such of the lands as are situate in the county of the suit and are still in the defendant's possession, together with mesne profits. (R.)

May 27, 1891.

Equity. Actions. Limitations. Fraud. Prescription. Practice. Amendment. Before Judge HINES. Emanuel superior court. October term, 1890.

Reported in the decision.

WILLIAMS & BRANNEN, T. H. POTTER and DELL & WADE, for plaintiff.

TWIGGS & VERDERY and EDWARD HUNTER, for defendant.

SIMMONS, Justice:

Before the passage of the procedure act of 1887, E. S. Lane filed a bill in the superior court of Emanuel county against B. L. Lane, making, in brief, the following case : About May 22d, 1854, complainant's father died intestate, leaving, as his sole heirs, complainant and his mother. Defendant qualified as administrator of the estate, and was also appointed guardian of complainant. The estate consisted of a large amount of personal property, and various tracts of land situate in Emanuel and other counties. Defendant realized large sums of money from the proceeds of the personalty and the sales and hire of slaves, and made false and fraudulent returns to the court of ordinary as to his disposition of the same. At the September term, 1861, of the court of ordinary, he obtained letters of dismission as administrator of the estate, but procured the same by reason of said fraudulent returns and other gross misrepresentations of fact to said court of ordinary. Some of the tracts of land belonging to the estate of complainant's father, and mentioned in the bill, were never sold or otherwise administered by defendant, but he merged them into his own estate, converted them to his own use, and is now in the possession and enjoyment of the same. In January, 1873, when complainant was within one year of his majority, he had an interview with defendant, who was his uncle, and for whom he entertained the utmost veneration and love. In this interview, defendant falsely told him that the estate of his father was overwhelmingly in debt; that there was nothing coming to him from the estate; and that the court-house of Emanuel county was burned during the war and all the records destroyed. Complainant was raised on the farm of his step-father ; had very few educational advantages, and grew up in profound ignorance of his rights. Having the utmost confidence in the integrity

and truthfulness of defendant, complainant believed his statements, and did not, until the early part of the year 1887, learn the true history of the administration and guardianship, or have any knowledge of the gross frauds and deception practiced upon him by defendant. The bill prays that the judgment of the court of ordinary, granting defendant a discharge as administrator, be annulled and set aside ; that the defendant be compelled to come to a just accounting with complainant concerning all matters involved, both in the administration and guardianship ; that complainant have a decree in his favor for large sums of money due to him by defendant in both capacities ; and that defendant be compelled to restore to complainant his undivided half-interest in all the lands of the estate converted by defendant to his own use, together with the rents thereof. A motion to dismiss the bill on the ground "that no legal cause of action under the law was set forth" was sustained by the court below, and this is the error complained of. Strictly construed, the terms of this motion would not cover the statute of limitations, but in the argument here, counsel for both parties treated it as embracing that defence, and we rule on it accordingly.

1. So far as this bill seeks to bring defendant to account for his actings and doings as administrator and guardian, and to recover money alleged to be due to complainant by the defendant in both or either of these capacities, the case is hopelessly barred by the statute of limitations. Complainant attained his majority in the year 1874, but waited about thirteen years before. making a demand on defendant either for information or a settlement, or bringing his suit. It is manifest, from the allegations of the bill itself, that complainant has been guilty of the grossest negligence and inattention in looking after his rights. The exercise of the slightest diligence would have enabled him to discover at any time the existence of the frauds alleged to have

been perpetrated by the defendant, and no sufficient reason appears in the bill why he could not and should not have long since ascertained the truth and brought his suit. We deem the proposition that complainant is barred by the statute of limitations, so far as this branch of the case is concerned, too plain to require further argument or elucidation.

2. Although the lands alleged to have been converted by the defendant to his own use are very loosely described, yet, taking all the allegations of the bill and exhibits thereto together, the description is sufficient to identify them, and by amendment this description may be made more full and complete. There was no special demurrer to so much of the bill as seeks a recovery of the land, on the ground that complainant had a remedy by suit at law, or for any other reason, but only a general motion to dismiss, as above stated, and there is enough in the bill, we think, to retain it in court as an action for the recovery of complainant's interest in such of these lands as are situate in Emanuel county and are still in defendant's possession, together with mesne profits. If defendant's possession originated in fraud, as the bill alleges, no prescriptive title could ripen in his favor against the complainant; and while the bill does not purport to be an action of ejectment, the allegations and prayers thereof are broad enough, in our judgment, to allow the case to proceed for the purpose indicated.

We reverse the judgment of the court below dismissing the bill, with directions that leave be granted to complainant to so amend his bill as to make it complete in all respects necessary to recover a half-interest in the unadministered lands of his father's estate lying in Emanuel county and still in defendant's possession, as well as such rents for the same as he could recover in an action of ejectment.

*Judgment reversed, with directions.*