### GUNTER *et al.* v. SMITH.

Cobb, J. 1. There is in this State no statute of limitations applicable to an action for the recovery of land. *Pollard* v. *Tait*, 38 *Ga.* 439 (2); *Johnson* v. *Neal*, 67 *Ga.* 528.

2. If in an action for the recovery of land it appears upon the face of the petition that the defendant has acquired a prescriptive title to the land in controversy, as against the plaintiff, such defect in the plaintiff's case may be taken advantage of by demurrer.

3. If the grantee in a security deed goes into possession of the land thereby conveyed under no other claim than such a deed, he is in possession simply for the purpose of applying the rents, issues, and profits to the satisfaction of his debt, and when the net amount received by him from the proceeds of the land is equal to or greater than the amount of his debt, his right of possession ceases, and the grantor, or his legal representatives, and if none, his heirs, may bring an action to recover the land. *Polhill* v. *Brown*, 84 *Ga.* 338, 339 (10). The foregoing principle is especially applicable in a case where there was a distinct agreement between the grantee and the heirs of the grantor that possession was to be given for the purpose only of paying the debt out of the rents, issues, and profits.

4. Where the grantee in a security deed enters into possession of the property conveyed by such deed, the right of the grantor to redeem by the payment of the debt is never barred so long as the grantee recognizes a right to redeem, and equity would by analogy decree that the right to redeem would in no event be lost until after the expiration of ten years from the date of the last recognition by the grantee of the right to redeem. Civil Code, § 2734.

5. The petition in the present case set forth a cause of action, and was not subject to any of the objections set up in the demurrer.

*Judgment reversed. All the Justices concurring.*

Submitted March 2, — Decided March 25, 1901.

Equitable petition. Before Judge Reese. Hart superior court. March 19, 1900.

*I. C. Van Duzer, P. P. Proffitt,* and *A. G. McCurry,* for plaintiffs. *J. H. Skelton,* for defendant.