*Dorsey, Brewster, Howell & Heyman,* for the applicants.
*Robert C. & Philip H. Alston,* contra.

---

### WELLS *v.* KEMME, administrator.

HILL, J. 1. Where a vendor sold certain land and conveyed to the purchaser the title for the purpose of allowing him to secure a loan of money with which to pay the vendor a part of the purchase-price, and this was done, and afterwards the vendee secured a second loan on the property and paid the proceeds to the vendor, and subsequently the vendee conveyed the same land, subject to the liens above referred to, to the vendor for the purpose of securing the balance of the purchase-money, the vendor agreeing to stay action for a named period on fi. fas. from judgments recovered on the purchase-money notes, and the vendee agreeing to deliver certain rent notes as additional security for the debt due the vendor, such conveyance to the vendor was a deed to secure debt; and the case falls within the rule that a grantee can bring ejectment against the grantor for the purpose of recovering possession of the land, subject to the application of the rents and profits to the payment of the debt secured. *Polhill* v. *Brown,* 84 *Ga.* 338 (10 S. E. 921); *Ray* v. *Pitman,* 119 *Ga.* 678 (46 S. E. 849); *Gunter* v. *Smith,* 113 *Ga.* 18 (38 S. E. 374).

2. The filing of such action is not a rescission of the contract of sale, and in order to maintain it the plaintiff is not bound to tender to the defendant the amounts already received as part payment of the purchase-money.          *Judgment affirmed. All the Justices concur.*

APRIL 11, 1916.

Complaint for land. Before Judge Walker. Wilkes superior court. May 5, 1915.

*W. A. Slaton,* for plaintiff in error.

*J. M. Pitner* and *Colley & Colley,* contra.