### 12263.   WRIGHT *v.* CLINE.

HILL, J. The statute relative to sales in bulk (Civil Code of 1910, §§ 3226 et seq.), being in derogation of the common law, must be construed strictly, according to the terms of the statute, and these apply only to absolute sales. Therefore a deed to secure the payment of a debt, although purporting to pass the title to the purchaser, is not covered by the provisions of these statutes. *Avery* v. *Carter,* 18 *Ga. App.* 527 (89 S. E. 1051).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 6, 1921.

Levy and claim; from Whitfield superior court — Judge Tarver. January 8, 1921.

An attachment based upon the fraudulent debtor's act was levied on the entire stock of merchandise, etc., of J. L. Collins. A claim to the property was interposed by Stewart Wright, the case was tried before the judge without a jury, on an agreed statement of the facts, he rendered a judgment finding the property subject, and the claimant excepted. His claim was based upon a bill of sale from the defendant in execution, which the plaintiff contended was a violation of the bulk-sale law (Civil

9

Code of 1910, §§ 3226 et seq.), and fraudulent as against creditors. The bill of sale was as follows:

" State of Georgia, County of Walker.

" J. L. Collins to Stewart Wright.

" Twenty days after date I promise to pay to Stewart Wright, or order, the sum of $2,395.67 dollars, with eight per cent. interest from date, paid annually, and, to secure the payment of such sum, I hereby sell, alien, and convey in fee simple unto the said obligee, his heirs and assigns, the following property [an itemized description of which is given]. The aforesaid automobiles and other property herein described are now stored at the Dalton Garage, in Dalton. It is expressly understood that this instrument is intended to convey the legal title to the aforesaid property, and is not a mortgage. Should said property be damaged, the loss is to be borne by the maker of this obligation. It is expressly understood that should the undersigned sell any part of the tires and accessories herein conveyed, the same shall be sold as the property of said Stewart Wright and the proceeds therefrom held in trust for the said Stewart Wright and applied as a credit on this obligation. It is further understood that none of the aforesaid property except tires and accessories is to be sold by the undersigned without the express consent of said Stewart Wright, and no sale or transfer of the aforesaid property without the express consent of said Stewart Wright shall have the effect of transferring said property to the purchaser or purchasers thereof. Should the said Stewart Wright consent to the sale of any of the aforesaid property by the undersigned, then and in that event said property is to be sold as the property of said Stewart Wright and the proceeds therefrom held in trust by the undersigned for said Stewart Wright, to be delivered to said Stewart Wright and applied as a credit on the aforesaid obligation. The undersigned expressly covenants that he is the owner of the aforesaid property; that same is free from liens, and that he has a right to convey same. It is further understood that should the undersigned fail to pay the aforesaid obligation at the time same becomes due, or within three days thereafter, that the said Stewart Wright may at his option sell such of the aforesaid property as he may desire at private sale, without the process of any court whatever, and apply the proceeds from said sale on

the aforesaid obligation, deducting therefrom any expense incident to the sale of same. The undersigned, for himself and family, hereby waives and renounces all homestead and exemption laws of Georgia, or the United States, as against this obligation or any renewal thereof. In case this obligation is collected by an attorney the undersigned agrees to pay ten per cent. as attorney's fees. Witness my hand and seal, this 6th day of March, 1910.

" J. L. Collins (Seal).

"Witness: W. L. Stansell, Ordinary, Walker County, Ga.

" Filed, recorded, and certified for March 6, 1920. W. M. Sapp, C. S. C."

It is agreed in the stipulation of facts that the sum of $2,395.67 named as the consideration of the bill of sale represented a preexisting debt owing to Stewart Wright by J. L. Collins, which had not been discharged at the time of the levy of the attachment, and that the property described in the claim-affidavit is the property described in the bill of sale. It is also agreed that the indebtedness to the plaintiff in attachment is a bona fide existing indebtedness; also that the property levied on is a stock of goods in bulk and that the sale made to the claimant was of the stock of goods. The claimant testified that he was familiar with the value of the property levied upon, and that at the time of the levy, it was worth at least $5,700; that some time after the claim was filed the defendant transferred to the claimant about $1,700 worth of the property levied on, and this amount was credited on the bill of sale, and that thereafter the defendant paid the balance due thereon and the bill of sale was cancelled, and that upon the satisfaction of the indebtedness he surrendered the property to the defendant.

*George G. Glenn, Rosser & Shaw,* for plaintiff in error.

*R. H. House,* contra. ·