JOHNSON *et al. v.* KEY *et al.*

No. 8330. OCTOBER 15, 1931.

*Carmain & Fielding,* for plaintiffs in error.

*Leon C. Greer* and *Morris Macks,* contra.

HINES, J. Easter Key and Tom Key brought suit against William Johnson and Mittie Johnson Patterson, in which they made this case: Petitioners are the owners of a described lot of land in the city of Atlanta, designated as lot No. 4 in block 3 of the Steurwald property, according to plat of record in the office of the clerk of Fulton superior court. The dimensions of this lot are 35 by 125 feet. Easter Key was legally married to Jim Key and lived with him as his lawful wife up to his death in 1920. Tom Key is a son and the only child of Jim Key and Easter Key. Jim Key died intestate, leaving no debts, and there was no administration upon his estate. Petitioners are his sole heirs at law. On March 30, 1908, Elizabeth E. Steurwald, the owner of the northern 25 feet of the lot of land hereinbefore referred to, sold the same to Jim Key by warranty deed recorded in deed book 237, page 622, of Fulton County records. On February 14, 1910, Elizabeth E. Steurwald sold and conveyed by warranty deed to Jim Key the southern 10 feet of the property hereinbefore referred to, which deed was not recorded until March 6, 1930. About the year 1888 Easter Key and Jim Key moved to Atlanta, and lived together as man and wife. Jim Key became enamored of one Mittie Johnson. He erected a house upon the property above referred to in 1910. He placed Mittie Johnson in the house and lived with her until his death in 1920. At the time he lived with Mittie Johnson he knew that Easter Key was his lawful wife. Easter Key, although knowing that such cohabitation was going on between her husband and Mittie Johnson, felt herself unable to prevent the same, and, although she did not approve of it, continued to live with him. Jim Key died in 1920. Tom Key shortly thereafter, for himself as an heir at law and in behalf of his mother, demanded possession of said premises of Mittie Johnson, who was then in possession; but he allowed her thereafter to continue to occupy the same, without paying rent, until her death which occurred in 1929. The possession of Mittie Johnson was not adverse to the rights of petitioners. Mittie Johnson, claiming to be the widow of Jim Key, applied to the court of ordinary

of Fulton County, at the November term, 1920, to have the northern 25 feet of said property set apart to her as a year's support out of the estate of Jim Key, and it was so set apart without the knowledge of petitioners and without any notice having been given to either of them of her intention so to do. She did so knowing that she was not the lawful wife of Jim Key, and that she was not entitled to the property. She fraudulently misrepresented the facts to the court of ordinary. She never made known to petitioners that she was claiming said property as a year's support, or that she was in possession of the deed to the southern 10 feet of the property above referred to, and was keeping the deed off of the record. It was not recorded until after her death in 1929. In furtherance of her fraudulent scheme to defeat and defraud the petitioners of their property, knowing that she was not entitled to it, Mittie Johnson made and executed her will on October 26, 1929, in which she devised all her property to her son, William Johnson, and to her granddaughter, Mittie Johnson Patterson. Although Mittie Johnson died on October 27, 1929, the defendants, being then and there in possession of her will, intentionally and unlawfully failed and refused to offer it for probate until February, 1930, for reasons which will hereafter be stated.

Immediately on the death of Mittie Johnson petitioners undertook to regain possession of said property, and made an attempt to sell it as the legal heirs of said Jim Key and the rightful owners thereof. Easter Key had previously, on November 22, 1929, made application to the court of ordinary of Fulton County for a year's support from the estate of her husband, and the northern 25 feet of the land hereinbefore described was set apart to her in due form by the court of ordinary at the January term, 1930. She did not include in her application the southern 10 feet of said property, because the deed thereto had not been recorded, and the record disclosed only that Jim Key owned the northern 25 feet thereof. This strip of 10 feet was omitted from the year's support granted to Mittie Johnson. When this fact became known, defendants presented to the court of ordinary the paper purporting to be the last will of Mittie Johnson Key, and caused it to be probated, with the intent to place a cloud upon the title of petitioners to the whole 35 feet and render it impossible for them to make an acceptable deed to any purchaser of these premises. In

furtherance of this fraudulent scheme, William Johnson, who was named executor of the will of Mittie Johnson, which was executed in the name of Mittie Johnson Key, on February 21, 1930, executed as such executor to the defendants a deed to the premises in dispute, his deed reciting that it was made under power of sale contained in the will of said testatrix. This last-named deed is a cloud upon petitioners' title, and was executed for that purpose and not in good faith. Said will was conceived in fraud known to and connived at by both of the defendants, and such claim as they now assert is a cloud upon the title of petitioners, conceived and made for the purpose of defrauding them. Said premises consist of a city lot with a residence thereon which can be rented for $20 per month. The defendants are allowing said residence to waste, nothing having been done to improve the property since the death of Jim Key. In a short time it can not be used for any purpose, and the value thereof will greatly deteriorate unless a receiver is appointed to take charge thereof, make the necessary repairs, and place the house in a habitable condition. The year's support of Mittie Johnson, her will, and the executor's deed to the premises are all clouds on the title of petitioners; and they can not immediately and effectually maintain their rights by any course of procedure than by the course herein prayed. They apprehend that the evidence upon which they rely to impeach or invalidate said instruments will be lost or impaired by lapse of time. The defendants are insolvent. Petitioners pray that said instruments be canceled; that the title to the northern 25 feet of the premises be decreed to be in Easter Key; that the title to the southern 10 feet thereof be decreed to be in petitioners as the heirs at law of Jim Key; that a receiver be appointed to take charge of the property; that defendants be required to account to petitioners for the rents and profits of said property since the death of Mittie Johnson; and that petitioners be granted a writ of possession for said property.

The defendants demurred upon the grounds that (1) the petition sets out no cause of action either in law or equity; (2) the plaintiffs by their laches are barred and estopped from maintaining their suit; and (3) it appears from the allegations of the petition that the defendants' predecessor in title acquired title thereto by prescription arising from possession under color of

title. The judge overruled the demurrer, and the defendants excepted.

■ One of the contentions of the defendants is that the facts appearing in the petition show that they had acquired title to the premises in dispute by prescription arising from possession under written color of title for more than seven years. It is unquestionable that adverse possession of lands under written color of title for seven years gives to the possessor a title by prescription. Civil Code (1910), § 4169. The judgment of a court of ordinary purporting to vest title to the land of a decedent in his widow for a year's support is generally color of title on which prescription can be based. *Norris* v. *Dunn*, 70 *Ga.* 796. But possession to be the foundation of a prescription under such a judgment must not have originated in fraud. Civil Code (1910), § 4164. If the color of title be fraudulent and notice thereof be brought home to the claimant before or at the time of the commencement of his possession, no prescription can be based thereon. § 4169. Under the law of this State, although a given paper may constitute color of title, no prescription can be based thereon unless the claimant entered thereunder honestly and in good faith. *Lee* v. *O'Quin*, 103 *Ga.* 355, 364 (30 S. E. 356). Under the facts alleged in the petition, the possession of Mittie Johnson originated in gross fraud. She had been living in a state of concubinage with Jim Key for a number of years, and was so living with him at the time of his death. She knew that Key had a lawful wife with whom he was likewise living. In these circumstances, upon the death of Key, she applied to the court of ordinary for the grant of a year's support to her as his widow in land of which he died seized and possessed, and which constitutes the premises in dispute. In her application she alleged that she was the widow of Key, and as such set up her claim to a year's support. Thus she committed a gross fraud upon the court and a great fraud upon the plaintiffs, who were the sole heirs at law of Key. This being so, her possession of the premises in dispute originated in fraud, and she and those claiming under her can not prescribe under the judgment setting aside to her for a year's support the premises in dispute.

■ Besides, permissive possession can not be the foundation of a prescription until an adverse claim and actual notice to the other party are shown. Civil Code (1910), § 4164. The petition

alleges that Tom Key shortly after the death of his father, for himself as an heir at law and in behalf of his mother, demanded possession of the premises in dispute of Mittie Johnson, but allowed her thereafter to continue to occupy the same, without paying rent, until her death which occurred in 1929. The petition further alleges that the possession of the premises in dispute by Mittie Johnson was not adverse to plaintiff's rights. While the allegations of the petition on this question are not very clear, we shall, in the absence of special demurrer thereto, treat them as meaning that when Tom Key, after the death of his father, made a demand on Mittie Johnson for possession of these premises, some arrangement was made between him and her by which she was to have possession of this land without the payment of rent during her life, and that she held possession thereof under such arrangement. We treat the allegations of the petition that Mittie Johnson's possession of the premises was permissive, and that she did not hold the same adversely to plaintiffs, as assertions of fact, and not mere conclusions of the pleader. In view of these allegations, Mittie Johnson did not acquire title by prescription against the plaintiffs, it not appearing that she afterwards gave notice to them that she was holding possession adversely to them. The petition alleges that the plaintiffs had no notice of Mittie Johnson's application for a year's support, and it does not appear that after she took her permissive possession she set up an adverse claim with actual notice thereof to the plaintiffs.

■ The defendants urge that the plaintiffs are barred by their laches from instituting and prosecuting the present suit. The plaintiffs are seeking in this proceeding to cancel certain instruments under which the defendants claim title to the premises in dispute. They are also asserting title to the premises in dispute, and are seeking to recover the same as the holders of the legal title thereto. Both the plaintiffs and the defendants claim title to the premises in dispute under Jim Key as a common grantor. Therefore it is not necessary for either to show title back of him. The facts appearing in the petition do not show that Mittie Johnson acquired title by deed of conveyance or otherwise from Jim Key. On the contrary the petition shows that she did not so acquire title from Jim Key, although she claimed under him. The facts alleged in the petition do show that the plaintiffs acquired

title to the premises in dispute from Jim Key by inheritance. The allegations of the petition showing that Mittie Johnson, under whom the defendants claim, acquired no title to the premises in dispute from Jim Key, but on the contrary showing that the plaintiffs did acquire title by inheritance as Key's sole heirs at law, the petition makes out a case which entitles the plaintiffs to recover, unless the defendants show that they have acquired prescriptive title by adverse possession under written color of title for seven years or more, or that the plaintiffs have lost their right to recover by their laches and delay. Under the first division of this opinion we have shown that the defendants have not acquired a prescriptive title by adverse possession under written color of title for a period of seven years or more. In this State there is no statute of limitations applicable to an action for the recovery of land. *Pollard* v. *Tait,* 38 *Ga.* 439 (2); *Johnston* v. *Neal,* 67 *Ga.* 528; *Gunter* v. *Smith,* 113 *Ga.* 18 (38 S. E. 374). We have seen that the possession of Mittie Johnson, under whom defendants claim, under the allegations of the petition, originated in actual moral fraud, and that for this reason no prescriptive title could ripen in her favor and in favor of those who claim under her against the plaintiffs. There is no special demurrer to so much of the petition as seeks to cancel the instruments therein sought to be canceled; but the grounds of demurrer are general, going to the petition as a whole. One of the purposes for which the petition is brought being the recovery of the premises in dispute, and the petition, as we have seen, setting up facts which entitle the plaintiffs to recover, the demurrer was properly overruled. *Lane* v. *Lane,* 87 *Ga.* 268 (2) (13 S. E. 335).

Besides, the plaintiffs are not barred by laches from seeking the relief for which they pray. They seek to recover the premises in dispute on legal title in themselves. This being so, they will not be barred by delay unless such delay has resulted in giving title to the defendants to the land in dispute. This does not appear. The contrary is alleged in the petition. Furthermore, the petition does not show that the defendants have any claim or right to the ten feet of the south side of the premises in dispute; and therefore the plaintiffs would be entitled to maintain their petition to recover this strip of the premises in dispute. It is a well-settled doctrine of this court that grounds of demurrer which go to

a petition as a whole will not be sustained if any part of the petition is good and sets up a cause of action.

 Applying the principles above enunciated, we are of the opinion that the trial judge did not err in overruling the demurrer and in refusing to dismiss the action.

*Judgment affirmed. All the Justices concur.*