TONEY *et al. v.* LEDFORD.

No. 11882. NOVEMBER 11, 1937.

*Jere S. Ayers,* for plaintiffs in error.
*Davis & Stephens,* contra.

RUSSELL, Chief Justice. Ledford filed a petition praying for equitable foreclosure of a security deed, appointment of a receiver, and a judgment in rem against the land described in the deed.

The defendants were the widow of the grantor in the deed and their minor children. Since the death of the grantor, Hugh Ray, his widow has remarried and is now Mrs. Alline Ray Toney. It is alleged in the petition, that the land described in the security deed was purportedly set apart to the widow and children of the grantor as a year's support, with other property, but that so far as said land was concerned the year's support was inferior to petitioner's deed, because (a) "the return of the appraisers, as duly filed, recorded, and made the judgment of the court, affirmatively discloses it was assigned subject to all indebtedness due and owing by the deceased at the time of his death, of which the note held by petitioner was a part;" (b) that the deceased did not hold title to the same at the time of his death; and (c) that the judgment of the court of ordinary did not attach to said land, and said judgment, in so far as it sought to allow a year's support in the land in question, was void. It is also alleged that the defendants are in possession of said land, receiving the rents, issues, and profits thereof; that State and county taxes for the years 1931-1936, inclusive, are due and unpaid; that the defendants have permitted the buildings on the premises to fall into disrepair, and under present market conditions said property is not now worth the indebtedness held by petitioner against the same; that the security deed was executed by Hugh Ray on December 14, 1926, to secure payment of a note of that date for $500, payable to petitioner; that Hugh Ray died on July 21, 1927; and that, "following the death of her husband, Mrs. Alline Ray petitioned the ordinary's court . . to be allowed a year's support from the estate of her deceased husband, and after the usual proceedings there was set apart to the widow and minor children aforesaid all real estate, personal property and goods of said deceased, which included the 74 acres of land described in the security deed held by petitioner, return of the appraisers being duly admitted to record and made the judgment of the court September 8, 1927." The defendants, after a guardian ad litem had been appointed for the minors, filed answers and demurrers.

One ground of the demurrer asserted that "said petition shows that defendants have a perfect title to the land in question, by prescription." A special demurrer was directed to the paragraph of the petition quoted above, on the ground that said paragraph

contained mere conclusions of the pleader, no part of the alleged return of the appraisers or the judgment of the court being set forth in the petition. On interlocutory hearing, after introduction of evidence, the court overruled all of the demurrers to the petition, except the special demurrer to paragraph (a), supra, thus striking from the petition the allegation that "the return of the appraisers, as duly filed, recorded, and made the judgment of the court, affirmatively discloses it was assigned subject to all indebtedness due and owing by the deceased at the time of his death, of which the note held by petitioner was a part." The court appointed a receiver to take charge of the property. The defendants excepted to the overruling of their demurrers and to the appointment of a receiver. The plaintiff did not except to the striking of the allegation as stated above.

From the foregoing statement of facts it will be noted that the defendants are not charged with actual notice of the security deed at the time of the judgment of the court of ordinary setting apart the land in controversy as a year's support. It appears from the petition that this award was made on September 8, 1927, more than nine years before the filing of the petition. It also appears that the note secured by this security deed was dated December 14, 1926, and became due and payable ninety days from its date. It is averred in the petition: "Following the death of her husband, Mrs. Alline Ray petitioned the ordinary's court . . to be allowed a year's support from the estate of her deceased husband; and after the usual proceedings there was set apart to the widow and minor children aforesaid all real estate . . which included the 74 acres of land described in the security deed held by petitioner, return of the appraisers being duly admitted to record and made the judgment of the court, September 8, 1927. . . Defendants are now in possession of the lands hereinbefore described, receiving the rents, issues, income and profits therefrom." Construing the petition most strongly against the petitioner, it appears that the defendants have been in possession of the property in question since September 8, 1927; and in view of the absence of averments to the contrary, this possession will be presumed to have been adverse. Counsel for the defendant in error say in their brief: "But, says counsel for plaintiff in error, under authority of *Norris* v. *Dunn,* 70 *Ga.* 796, the mere act of

setting apart a year's support is notice to the world by public record that the beneficiaries now claim under an independent source of good title and in opposition to the rights of all persons. This might be true under some circumstances, but not in this case where the language 'she assuming all debts and obligations of said deceased' appeared in the judgment." It will be observed that the petition did not incorporate therein a copy of the return of the appraisers and judgment of the court of ordinary setting apart this year's support, though this information was called for by special demurrer; and the court having stricken the part of the petition alleging that the property was set apart subject to the indebtedness of the deceased, it did not appear from the petition, after the court's ruling on special demurrer, that either the return of the appraisers or the ordinary's judgment purported to make the award subject to payment of the debts of the deceased. It is also stated in the petition that "State and county taxes for the years 1931, 1932, 1933, 1934, 1935, and 1936 are due and unpaid." Properly construed, this is an allegation that the defendants paid the taxes on the property from the time of its award to them as a year's support, in 1927, to the year 1931. Construing the petition thus, and since "The judgment of a court of ordinary purporting to vest title to the land of the decedent in his widow for a year's support is generally color of title, upon which prescription can be based" (*Johnson* v. *Key,* 173 *Ga.* 586, 590, 160 S. E. 794), it appears from the petition that the defendants have title to the land by prescription based on seven years adverse possession under color of title. "If in an action for the recovery of land it appears upon the face of the petition that the defendant has acquired a prescriptive title to the land in controversy, as against the plaintiff, such defect in the plaintiff's case may be taken advantage of by demurrer." *Gunter* v. *Smith,* 113 *Ga.* 18 (2) (38 S. E. 374). Whether or not this action is a suit for land, the quoted principle is applicable to the facts shown in the petition. The court erred in not sustaining the ground of general demurrer asserting that "said petition shows that defendants have a perfect title to the land in question by prescription," and in not dismissing the action. It necessarily follows that the appointment of a receiver was error.

*Judgment reversed. All the Justices concur.*