LATHAM *et al. v.* FOWLER *et al.; et vice versa.*

Nos. 13754, 13759.   SEPTEMBER 11, 1941.

*Thomas E. McLemore, David Pirkle, J. V. Poole,* and *C. R. Wheeless,* for Latham *et al. S. T. Allen,* contra.

JENKINS, Justice. ■ As to whether the petition stated a cause of action against general demurrer, it is the rule that when a court of equity has acquired equitable jurisdiction, it will grant complete relief as to all matters to which the parties may be entitled under the pleadings and the proof, even though such relief may include legal rights and remedies. *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (16 S. E. 2d, 24), and cit.; *Hall* v. *English,* 47 *Ga.* 511 (2); Code, § 37-105. Even though a plaintiff might not be entitled to equitable relief under his averments or prayers, the petition should not be dismissed on general demurrer if it states a cause of action good at law, since in such a case he would be entitled to prove and enforce his strictly legal rights and remedies according to the rules of law. *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E. 2d, 690), and cit.; *Woodall* v. *Williams,* 176 *Ga.* 343, 346 (167 S. E. 886); *Grimmett* v. *Barnwell,* 184 *Ga.* 461 (192 S. E. 191), and cit. Since the passage of the uniform procedure act (Code, § 37-901), "an action for land may be included in a petition for equitable relief." *English* v. *Little,* 164 *Ga.* 805 (2-b) (139 S. E. 678); *Hunter* v. *Bowen,* 137 *Ga.* 258 (73 S. E. 380); *Baxter* v. *Camp,* 126 *Ga.* 354 (2), 359 (54 S. E. 1036); Powell on Actions for Land, § 46. Since the petition, although primarily seeking a recovery of land, also sought, not only the incidental equitable remedy of cancellation of alleged clouds on title, but the alleged necessary remedy of injunction, equitable jurisdiction was properly invoked; and with all parties at interest before the court, both legal and equitable relief could be granted as the proof might authorize.

(*a*) "If one having the title to land sells and conveys the same by deed to another, he can not thereafter by his deed convey to a subsequent purchaser any title thereto. The mere surrender or cancellation of a deed will not divest the title to land which has once been conveyed and vested by transmutation of possession." *Sikes* v. *Seckinger,* 164 *Ga.* 96 (3), 109 (137 S. E. 833), and cit.; *Holder* v. *Scarborough,* 119 *Ga.* 256 (2) (46 S. E. 93). Accordingly, where, as alleged in the petition, a grantor executed a deed to plaintiffs' father for life with remainder to them, for an expressed valuable consideration, and the father went into possession under the instrument, the grantor retained no title which she could

afterwards convey to the father by a deed in fee-simple, omitting the remainder. Consequently, under the averments that the defendants claim under this second deed to the father, other subsequent deeds from him and his grantee brother, and a year's support to the brother's widow and children including the same land which was deeded in the previous conveyances, and that all the defendants acquired their interests with actual knowledge of the plaintiffs' deed, though unrecorded, the petition showed a superior title in the plaintiffs and a right to recover the land. The petition also showed a cause of action as to necessary equitable relief by injunction, and as to incidental equitable relief by cancellation of the instruments subsequent to the original deed as clouds on title.

(*b*) The setting apart of the year's support to the defendant widow and children from the estate of the father's grantee did not operate as an adjudication of title to the land in question against the plaintiffs, since they were not parties to that proceeding, and since "a court of ordinary has no jurisdiction to try and determine conflicting claims of ownership . . arising between a widow applying for . . a year's support and a person asserting title adversely to the estate of her deceased husband." *Dix* v. *Dix,* 132 *Ga.* 630 (2) (64 S. E. 790), and cit.; *Zeagler* v. *Zeagler,* 190 *Ga.* 220, 225 (9 S. E. 2d, 263); *Smith* v. *Pitchford,* 189 *Ga.* 307, 309 (5 S. E. 2d, 766); *Brooks* v. *Brooks,* 184 *Ga.* 872, 875 (193 S. E. 893); *Smith* v. *Smith,* 101 *Ga.* 296, 297 (28 S. E. 665).

(*c*) In suits to recover land, there is no statute of limitations in this State, title by prescription having been substituted for such statutes. *City of Barnesville* v. *Stafford,* 161 *Ga.* 588 (3, *b*), 592 (131 S. E. 487), and cit.; *Gunter* v. *Smith,* 113 *Ga.* 18 (38 S. E. 374). In so far as the petition sought a recovery of the land, it was not subject to demurrer as showing a prescriptive title in any defendant, for the reason that while there were averments as to a deed from plaintiffs' father to his brother (husband of the defendant widow and father of the defendant children), executed in 1912, under which all the defendants are alleged to claim, and a year's support set apart in 1926 to the widow and children, which might have afforded good color of title (*Johnson* v. *Key,* 173 *Ga.* 586, 160 S. E. 794), the petition did not show any sort of actual possession by any defendant either for seven years under such color, or for twenty years without color of title. Code, §§ 85-401-85-407.

(*d*) As to the prayer for recovery of the land, the petition did not disclose a prescriptive title in the defendants, for an additional reason independent of a failure to show actual possession by the defendants. While it is true that, if actual possession had been shown, good faith in the origin of such possession, required by the Code, §§ 85-402, 85-407, would ordinarily be presumed (*Baxley* v. *Baxley,* 117 *Ga.* 60 (4), 62 (43 S. E. 436), and cit.; *Teel* v. *Griffin,* 142 *Ga.* 245 (2) (82 S. E. 662), this would not be true if actual possession had been alleged, but this was accompanied by other averments negativing good faith. "When the doctrine of prescription is involved in a suit in ejectment, good faith is one of the main elements in the case; and, as we have uniformly held, mere notice of an outstanding title is not evidence of bad faith. Good faith is not inconsistent with such notice. If a person buys land in good faith, believing he is obtaining a good title, and enters into possession thereof, and remains there continuously, uninterruptedly, peaceably, etc., for seven years, that possession ripens into a good title, whether the title he purchased originally was good or not. The very object of the doctrine of prescription is to make a bad title good when the necessary requisites have been complied with. Of course, if a person purchases land in bad faith, knowing that the title he purchases is fraudulent, it can never ripen into a good title;" the question of good faith being ordinarily one of fact for the jury. *Lee* v. *Ogden,* 83 *Ga.* 325, 329 (10 S. E. 349); *Lee* v. *O'Quin,* 103 *Ga.* 355 (3), 364 (30 S. E. 356), and cit.; *Quarterman* v. *Perry,* 190 *Ga.* 275 (2) (9 S. E. 2d, 61); *Metropolitan Life Insurance Co.* v. *Hall,* 191 *Ga.* 294 (5), 306 (12 S. E. 2d, 53); *Chattahoochee Fertilizer Co.* v. *Quinn,* 169 *Ga.* 801 (4), 804 (151 S. E. 496); *Garrett* v. *Adrian,* 44 *Ga.* 274; *Brown* v. *Wells,* 44 *Ga.* 573, 575; *McCamy* v. *Higdon,* 50 *Ga.* 629 (2), 631; *Street* v. *Collier,* 118 *Ga.* 470 (5), 480 (45 S. E. 294), and cit.; *Baxter* v. *Phillips,* 150 *Ga.* 498, 500 (104 S. E. 196); *Lane* v. *Lane,* 87 *Ga.* 268 (2), 271 (13 S. E. 335); Powell on. Actions for Land, 433-437, §§ 327, 329. A like rule obtains where a prescriptive title is claimed under a year's support, that a claimant must have entered "thereunder honestly and in good faith." *Johnson* v. *Key,* 173 *Ga.* 586, 590 (supra). Accordingly, the averments as to the actual knowledge by the defendants and their predecessors in title of the existence of the plaintiffs' remainder interest under the old-

est deed, and as to the alleged conspiracy between the executor of the defendant estate, plaintiffs' father, and his brother, under whom the defendants are alleged to claim, to obtain the second deed from the original grantor to the father, conveying to him a fee-simple title without remainder, after the grantor had already executed the deed containing the remainder to the plaintiffs, set forth such facts as, if proved, would show an absence of good faith equivalent to actual fraud, and would prevent the running of any prescriptive title.

(e) "The doctrine of stale demands," or laches as codified in § 3-712, "is a purely equitable one," and "is  .  .  not applicable to a complaint for the recovery of land." *City of Barnesville* v. *Stafford*, 161 *Ga.* 592 (supra). Accordingly, as to the prayer for a recovery of the land, the petition showed no bar by prescriptive title or lapse of time against any plaintiff.

Under the preceding rulings, it is unnecessary to consider other questions argued, as to statutes of limitation or prescription not running against minors during infancy (Code, §§ 3-801, 85-411); as to prescription not running against one who owns a legal remainder after a life-estate, until the death of the life-tenant (*Mathis* v. *Solomon*, 188 *Ga.* 311, 312, 4 S. E. 2d, 24, and cit.; Code, § 85-609); as to what if any actual fraud by the defendants, debarring or deterring plaintiffs from their action, is alleged, so as to suspend the running of statutes of limitation or of the time within which suit must be brought before a prescriptive title could be acquired; or as to whether the averments show that plaintiffs exercised proper diligence in discovering their remainder interest or any alleged fraud by the defendants, or are barred by laches.

(f) There is no merit in the ground of demurrer that the administrator of the estate of plaintiffs' father was not made a party, since whatever title the father had under the first deed, containing the remainder to plaintiffs, expired at his death; and whatever title he might have acquired under the later deed from the same grantor, omitting the remainder, passed by his deed to the brother, under whom the defendants are alleged to claim. The additional ground that "*the* administrator" is not made a party defendant is too indefinite for consideration, and can not be enlarged by brief of counsel.

(g) All of the defendants, who are alleged to claim a title or

694

interest in the land, being necessary or proper parties for the relief prayed, there was no misjoinder of parties defendant.

Under the foregoing rulings, the amended petition was good against all grounds of demurrer.

*Judgment affirmed in* No. 13754; *reversed in* No. 13759. *All the Justices concur.*