MACKLER *v.* LAHMAN *et al.*

No. 14600.   SEPTEMBER 11, 1943.

536

*William S. Shelfer* and *Fraser & Irwin,* for plaintiff in error.
*Alex M. Hitz* and *Joseph M. Brown,* contra.

GRICE, Justice. ■ There is no attack on the bona fides of the transaction of May 11, 1940, under which Willner and Mackler, having settled their differences growing out of the litigation over the first security deed, entered into a new contract. Under the terms of that contract, Willner executed a second deed to secure not only a pre-existing indebtedness of $1650, but also to secure a present advancement of $3000 to him by Mackler. In this instrument it was provided, that from time to time other and further

accounts receivable and other personal property, at the option of Mackler, might be substituted; that in order to effect such substitution the parties had only to attach to the instrument a schedule thereof; that upon default Mackler should have not only the right to take possession, but also to exercise the power of sale therein conferred. The petition must be construed in the light of its omissions as well as its averments. What is left unsaid must be kept in mind, because it may be as significant as what is expressly stated. *Toney* v. *Ledford,* 184 *Ga.* 856 (193 S. E. 761). So construed, it must be held that the petition shows on its face that the additional security was given in terms of the agreement. For, while the petition contains no positive averment that the new security was given, it is stated that the security deed provided for such; that the grantor sold other named property under the power of sale contained therein; and the whole complaint of the petition is that the grantor had no right to give the additional security as against the rights of the defendants in error, who were creditors whose liens were obtained before the giving of the second security deed. The latter deed was recorded, but there was no record of the new security, to wit, the fixtures and other personal property. Treating the added security as a change in the obligation already assumed by Willner, at most it only presented a new security deed. So in that view of the matter, a contest arises between the holder of the altered security deed and the lien of the judgment aforesaid. In so far as it contains the physical property, the record of the new security deed must be treated as no record at all; for its substitution came after the record of the deed which pledged as security only accounts receivable. The case of the defendants in error as to this does not have to stand on the provision of the Code, § 67-103, which declares that a mortgage may cover a stock of goods, or other things in bulk, but changing in specifics.

The plaintiff in error finds a safe refuge in another provision of law, which is that the act of August 27, 1931 (Ga. L. 1931, p. 153; Code of 1933, §§ 67-109, 67-1305), declaring that the effect of a failure to record a mortgage or bill of sale or deed to secure debt "shall be the same as is the effect of failure to record a deed of bargain and sale," so changes the previous law with reference to those securities as to render such instruments, even though un-

recorded, superior in rank to subsequent liens created by law. *Evans Motors of Georgia Inc.* v. *Hearn,* 53 *Ga. App.* 703 (186 S. E. 751); *Massachusetts Mutual Life Insurance.Co.* v. *Hirsch,* 184 *Ga.* 636 (192 S. E. 435).

■ A further contention is that the sale by Mackler as attorney in fact, under a provision of the security deed, is violative of our bulk-sales law (Code, § 28-203). The Court of Appeals of this State has three times ruled that a transaction of that kind is not such a transfer as comes within the purview of the act. *Avery* v. *Carter,* 18 *Ga. App.* 527 (89 S. E. 1051); *Wright* v. *Cline,* 27 *Ga. App.* 129 (107 S. E. 593); *Bank of LaGrange* v. *Rutland,* 27 *Ga. App.* 442 (108 S. E. 821). Those decisions are sound, and are in accord with the overwhelming weight of authorities. See 9 L. R. A. 473, 14 L. R. A. 753; 57 L. R. A. 1049. The power of sale is but an incident of a security deed. Compare *Mutual Loan & Banking Co.* v. *Haas,* 100 *Ga.* 111 (27 S. E. 980, 62 Am. St. R. 317). The power of sale is part of the security, recognized as the usual mode of enforcement of the security, and it has more than once been said that it is the equivalent of a legal foreclosure. *Federal Land Bank of Columbia* v. *Bank of Lenox,* 192 *Ga.* 543, 547 (16 S. E. 2d, 9). The petition shows no violation of the bulk-sales law.

■ Under the allegations of the petition, Mackler has in his hands, as the result of the sale under power, about $4350 as the property of Willner, the same representing the difference between the amount of the debt and what the property brought at the sale. This fact, however, could form no valid reason why this petition states any ground for a receiver or other equitable relief. For aught that appears, a simple garnishment could afford the creditors a full, complete, and adequate remedy.

■ Upon application of the foregoing principle, the petition stated no cause of action, and the demurrer should have been sustained. Since the sale was not subject to attack for either of the reasons alleged, Mackler got a good title. If he permits the former debtor to remain in possession, as alleged in the petition, that is no concern of the plaintiff. There are no allegations that show that the giving of the security deed was for a fraudulent purpose, or that the power of sale was unfairly exercised. The plaintiffs were not entitled to any of the relief for which they prayed.

■ There is no merit in the motion to dismiss the writ of error. See *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64, 67 (169 S. E. 491); *Edwards* v. *United Food Brokers,* 195 *Ga.* 1 (22 S. E. 2d, 812). *Judgment reversed. All the Justices concur.*