## EZRA C. ANDREWS *versus* SENTER.

A party, for whose benefit a condition subsequent is attached to a devise of real estate, being in possession, at the time of a breach, is *presumed* to hold for the purpose of enforcing the forfeiture.

Such party may waive the forfeiture.

Acts, inconsistent with the claim of forfeiture, may sufficiently evidence such waiver.

Several lots of land, belonging to a non-resident proprietor, were by the assessors inventoried and valued separately. They were taxed, not in separate sums, but in an aggregate sum; and were by the collector advertised as separate lots, specifying a tax upon each; — *Held*, that a sale of them all, *in solido*, for a gross sum, for payment of the tax, conveyed no title.

In tax sales under the Act of 1826, chap. 337, unless the collector " record and return to the treasurer, his particular doings" within thirty days, as required by the 8th section, the sale is void.

So also it is void, unless the return designate or describe the land sold.

Andrews *v.* Senter.

WRIT OF ENTRY, for a lot of land in Portland.

Andrew S. Marwick owned the demanded premises, and by his will, approved in 1833, devised the same to his wife, Elizabeth, upon condition that she should support his mother, Mrs. Lydia Marwick, (who was his heir-at-law,) in a comfortable and suitable manner. The demandant derives title under a conveyance from said Elizabeth, made in 1834. This title is contested upon the alleged ground that the support, secured to Lydia by the condition of the will, was not furnished, whereby the land was forfeited to her. She died in 1844. The tenant makes title by a conveyance from her heirs-at-law, dated in 1849. In 1850 he entered for condition broken. Upon the question of forfeiture, there was much evidence, and it was submitted to the consideration of the court, in whose estimation it proved that the condition in the will had not been performed. Whether Lydia took the requisite measures, by entry or otherwise, to perfect a forfeiture, or whether she waived the delinquencies, as to her support, became a material inquiry.

The tenant, also claims title to the land by a deed to him from one Jones, to whom it was deeded by the collector, upon a sale for the payment of taxes, of the year 1841.

· In that year, the inventory and valuation of the demandant's non-resident land, was as follows : —

Ezra C. Andrews of Boston,                                *Amount of Estates.*
House, Spring Street, $150. — do., Munjoy, $200.                   $350

In the " tax book, the entry was —

ᵥ    " Ezra C. Andrews. — Tax on estates, $3,85."

The description in the collector's advertisement was ; —

| *Names of non-residents.* | *Description of prop.* | *Value.* | *Tax.* | *Am't of tax due.* |
|---|---|---|---|---|
| Ezra C. Andrews, 1841. | House, Spring St. | $150 | $1,65 | |
| Ezra C. Andrews, 1841. | House, Munjoy. | 200 | 2,20 | $3,85 |

The collector made to the treasurer a written return of the sale, in the following form, bearing date more than thirty days after the sale.

List of real estate sold for taxes, June 28, 1843.

| *Who taxed to.* | *Who bought.* | *Amount tax.* | *Amount cost.* |
|---|---|---|---|
| Ezra C. Andrews. | Henry Jones. | $3,85 | $2,61 |

*Fox*, for the demandant.

Lydia Marwick, for whose benefit the condition in the will was inserted, was satisfied with the support furnished her, and waived any further support than such as she received from the demandant; the tenant, therefore, cannot take advantage of the breach. 1 Hilliard's Real Prop. 369; Greenl. Cruise, title XIII. Estate on Cond. 47; 1 Conn. 79.

She was the heir at law of the devisee, and could alone enter for breach. 2 N. H. 120; *Marwick* v. *Andrews*, 25 Maine, 530.

The persons who were the heirs of Andrew S. Marwick, at the time of the breach of the condition, can alone enter; and if they do not, but waive the entry, their heirs acquire no right; it is such a chose in action, as does not pass by descent. When once waived by a party entitled to the right, it is gone forever.

The *tax title was void;* because no *return* or *record* was made according to the requirements of the statute of March 6, 1826. *Shimmin* v. *Inman*, 26 Maine, 233.

It was the duty of the collector to *record* and *return* to the treasurer " his particular doings in the sale within 30 days."

The two pieces of land should have been sold separately, each for its own tax; and not together, for the whole amount of both taxes. *Hayden* v. *Foster*, 13 Pick. 492; *Wallingford* v. *Fiske*, 24 Maine, 390; *Moulton* v. *Blaisdell*, 24 Maine, 284.

*Rand*, for the tenant.

A. S. Marwick devised the demanded premises to his wife on *condition. Marwick* v. *Andrews*, 25 Maine, 525.

The evidence shows that the condition was not complied with.·

Lydia Marwick, the heir-at-law of Andrew, was always in possession of demanded premises; and where the person, entitled to take advantage of the breach of condition, is already in possession, a formal entry is not necessary.

Hence the estate, upon the forfeiture, vested in her. *Hamilton* v. *Elliot*, 5 S. & R. 375; *L. & K. Bank* v. *Drummond*, 5 Mass. 321; *Frost* v. *Butler*, 7 Greenl. 229.

Andrews *v.* Senter.

But if no forfeiture, yet by the tax sale, the title is in the tenant.

By Stat. 1831, chap. 501, it is sufficient to produce in evidence : —

1. Collector's deed recorded.
2. Assessments signed by assessors.
3. Warrant of assessors to collector.
4. Proof that collector complied with the law in advertising and selling.

Such evidence is made conclusive, and it was all furnished in this case.

SHEPLEY, C. J. — The devise of this estate by Andrew Scott Marwick to his wife Elizabeth, was decided in the case of *Marwick* v. *Andrews*, 25 Maine, 525, to have been upon condition subsequent ; and that her title was liable to be defeated by an omission to perform the duties required by the condition. Whether the devise be regarded as imposing upon the devisee a personal trust or not, the testimony proves, that there has not been a performance of the condition by the devisee or her grantee.

Lydia Marwick, for whose use the condition was to be performed, was the heir-at-law of the testator, and she occupied the premises to the time of her decease. It is therefore insisted, that no formal entry was required of her to create a forfeiture of the estate.

The law will presume, that a person, who cannot make a formal entry upon the estate of another for condition broken, because he is already in possession, intends to hold possession to enforce all his legal rights, unless there be some indication, that such was not his intention, by which the presumption of law may be rebutted.

When the facts disclosed are inconsistent with a claim to hold for condition broken, the presumption will be rebutted, or the person entitled to make an entry will be considered as having waived a performance of the condition. Forfeitures are not favored by the law ; and any acts of the party entitled

to cause a forfeiture, clearly inconsistent with a claim to be the owner of the estate by forfeiture, must be regarded as proof, that performance of the condition was not intended to be enforced for the purpose of creating a forfeiture.

Lydia Marwick appears to have died in the month of March, 1844. Although she had not been supported in the manner required as a condition of the devise, she had continued to receive from those, who claimed to be the owners of the estate under the devise, assistance and a partial support, until nearly, if not quite to the close of life.

When the demandant was notified in the month of November, 1841, by some of her relatives, that she was poor and destitute, he replied, that he had paid as much for her support, as the land was worth. It appears from the testimony of Charles Blake, that he, at the request of the demandant, furnished her with bread, meat, and wood, whenever she called for them, from December 13, 1841, to June 6, 1843; and yet she appears to have been in the alms-house from March 8, to May 1, 1843. She appears to have been supplied with such articles as she called for, from the provision and grocery store of James Stetson, and from a store kept by the demandant during the year 1842.

She appears to have informed Doct. John Merrill three or four weeks before her decease, that Mr. Blake supplied her by demandant's request with what she wanted.

This continued reception of supplies from the demandant, as owner of the estate, was wholly inconsistent with a claim on her own part to be the owner of it, and with a denial of the rights of the demandant as owner.

The legal presumption, that she was holding the estate as forfeited is rebutted by the proof; and she must be regarded as having omitted to claim it as forfeited, or as having waived a more perfect performance of the condition.

In the case of *Frost* v. *Butler*, 7 Greenl. 225, a reception of part of the produce of the farm was not regarded as a waiver, only because the person claiming a forfeiture would

be entitled to receive it consistently with his claim to hold the estate for condition broken.

The formal entry for condition broken made by the tenant in the month of January, 1850, nearly six years after the decease of the person, for whose benefit the condition was inserted, can have no effect upon the rights of the parties.

The tenant presents a conveyance made by a collector of taxes assessed during the year 1841, upon the premises. This title to the premises cannot be sustained.

Admitting, that its validity must depend upon the regularity of the proceedings in making the sale, and not upon the legality of the assessment, it appears upon the proof presented, to be fatally defective.

Although the collector appears to have advertised separately two lots owned by the demandant with the amount of the tax upon each, he appears to have sold them together for the amount of the taxes due upon both of them. This appears from his return made to the treasurer; and there is no other proof, that each lot was sold separately for the collection of the amount of taxes assessed upon it.

The collector does not appear to have recorded and returned to the treasurer within thirty days after the sale " his particular doings in the sale," as required by the act of March 6, 1826, c. 337, § 8. His return, which was signed more than thirty days after the sale, contained no designation or description of the land sold. If it had been made in season, the owner could not have ascertained from it, whether any or what land of his had been sold.

*Tenant defaulted.*