## DAVIS et al. v. JONES.

1. The written contract in question being ambiguous, parol evidence was admissible to show that the transaction was one of purchase and sale, and the amount of the consideration;  and to apply to the land the description given.

2. The contract being for a sale of gin machinery and an interest in land for the purpose of operating the gin at a designated location, upon condition that the location should revert to the grantor when the grantee should cease to use it for that purpose, the grantee had the right to remove the old gin-house and reconstruct on the same location a new house for operating the gin.

3. The evidence authorized a finding that later grantees had actual notice of the contract in question.

No. 2741.  JUNE 16, 1922.

Equitable petition.  Before Judge Fortson.  Gwinnett superior court.  June 18, 1921.

*O. A. Nix* and *Kelley & Kelley,* for plaintiffs.

*I. L. Oakes,* for defendant.

ATKINSON, J. A paper was executed by B. F. Corbin to M. G. Jones, as follows

" Georgia Gwinnett County: This contract made and entered into this Sept. 5th, 1918, between B. F. Corbin and Gus Jones, both of said county and State, witnesseth that the said B. F. Corbin has this day sold to the said Gus Jones all his gin machinery, including engine, located on the west side of the Lawrenceville and Buford public road; about four miles from Lawrenceville, Ga. That the said B. F. Corbin has also give to the said Gus Jones the right to use the gin-stand, or the land on which the gin is located, as long as he cares to operate a gin at this location. When the said Jones moves his gin from this location, the land on which the gin is situated goes to and belongs to the man who may own the one hundred acres from which the gin grounds were taken. That the said Gus Jones agrees to all the foregoing condition. Witness our hands and seals, this the 5th day of September, 1918.

Witness: C. A. Turner, N. P.            B. F. Corbin

Gwinnett County, Ga.              M. G. Jones."

This paper was never recorded. After its execution B. F. Corbin executed a deed to L. A. Davis and Mrs. L. A. Davis, purporting to convey the whole tract, without making any reservation or exception of the gin-house location. The deed was duly recorded. After such conveyance Jones took the machinery out of the gin-house and pulled down the building, preparatory to the construction of another and larger gin-house on the same location. While he was so engaged in constructing the foundation for the new building, Davis and Mrs. Davis instituted an action against him to recover possession of the land, and enjoin him from constructing the building. On the trial a special verdict was returned, answering certain questions propounded by the court, favorable to the defendant. The plaintiffs' motion for new trial was overruled, and they excepted.

1. The contract between Corbin and Jones, quoted above, purported to deal with the transfer of machinery and land employed as a ginning location, as one entire transaction between the parties. In one clause it is stated that Corbin " sold to " Jones, without stating any consideration; and in another clause it is stated that Corbin " give to " Jones, etc. The instrument does not give a complete description of the location, though it furnishes data by

which the land may be identified. In these circumstances the contract was ambiguous, and parol evidence was admissible to show that the transaction was one of purchase and sale and the amount of consideration, and to apply the description in the instrument to the land.

2. The written instrument, properly construed and considered in connection with the parol evidence as to the nature of the transaction and consideration upon which it was based, showed that the contract was for a sale of the machinery and an interest in the land for the purpose of maintaining and operating a gin at the designated location, upon condition subsequent that the location should revert to the owner of the balance of the tract when Jones should cease to use it for such purpose. Civil Code (1910), §§ 3716, 3717; *Thornton* v. *Trammell,* 39 *Ga.* 202; *Snook & Austin F. Co.* v. *Steiner,* 117 *Ga.* 363 (5) (43 S. E. 775); *Jones* v. *Williams,* 132 *Ga.* 782 (64 S. E. 1081); *Thompson* v. *Hart,* 133 *Ga.* 540 (66 S. E. 270); *Lawson* v. *Ga. So. & Fla. Ry. Co.,* 142 *Ga.* 14; *Hilton* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 812 (82 S. E. 233); 21 C. J. 929, § 39. Such being the character of the grant, the grantee had the right to tear down the old gin-house and reconstruct on the same location a new building for the purpose of operating the ginnery.

3. Though conflicting, there was evidence tending to show that at the time of the plaintiffs' purchase they had actual notice of the contract between the defendant and the common grantor.

4. Accordingly the judge did not err in refusing a new trial.
*Judgment affirmed. All the Justices concur.*