## CITY OF BARNESVILLE v. STAFFORD.

1. A deed conveying land to the City of Barnesville, containing, before the granting clause, provisions that the city agrees to accept the premises for a park for the exclusive use and benefit of its white citizens, and to put the park in a reasonably good condition for such use, and to keep it so, and that "when said park is neglected for longer time than twelve months, or ceases to be used as a park," said land "reverts to the" grantor, "or his estate, or his heirs," and in the habendum clause is the provision that the city is to hold the "premises with conditions named," creates an estate upon a condition subsequent, upon breach of which said land reverts to the grantor, his estate or heirs.

2. A valid deed conveying title to land is never color of title.

(a) As color of title is some writing which defines the extent and character of the claim to land, with parties from whom it may come and to whom it may be made, the grantee in the deed referred to in the above headnote, if it could prescribe thereunder, could acquire by prescription no greater or different estate than that defined in said deed.

(b) The allegations of the petition in this case do not show prescriptive title in the city; and whatever title the city has is that conveyed by said deed.

3. As a general rule, equity will not lend its aid to enforce a forfeiture, and to divest an estate for breach of condition subsequent.

(a) The petition makes no case for equitable interference, but one for legal relief. In essence and effect it is a statutory complaint for the recovery of land for breach of a condition subsequent.

(b) Title by prescription has, in this State, been substituted for the statute of limitations as to realty.

(c) The doctrine of stale demands is purely an equitable one.

(d) In suits for recovery of land, equity follows the law, and will never close her doors against the true owner of land seeking to recover the same, when the complaint is brought within a less time than that in which prescription could have ripened, and where no special circumstances appear demanding an earlier application.

4. A forfeiture resulting from a breach of a condition subsequent may be released or waived, and the waiver may be either express or implied from the circumstances; but mere inaction does not amount to a waiver of a forfeiture for a breach of a condition subsequent. A waiver or estoppel arises only when the grantor does some act inconsistent with

Actions 1 C. J. p. 1044, n. 44.

Adverse Possession 2 C. J. pp. 117, n. 12; 168, n. 25; 169, n. 38; 172, n. 68; 175, n. 82 New.

Deeds 18 C. J. pp. 355, n. 91; 360, n. 44; 363, n. 4; 364, n. 5; 375, n. 67, 69; 376, p. 83; 377, n. 89, 90, 93; 378, n. 97 New, 2, 8; 379, n. 11; 380, n. 35; 381, n. 54; 382, n. 55.

Equity 21 C. J. pp. 196, n. 59; 214, n. 60; 221, n. 26.

Executors and Administrators 24 C. J. p. 828, n. 43.

Quieting Title 32 Cyc. p. 1350, n. 21.

his right of forfeiture, and where it would be unjust for him thereafter to insist upon a forfeiture.

5. There is no repugnancy between the conditions and the granting clause of the deed involved in this case.

6. Construing the petition as a whole, the suit was brought by the plaintiff, not in his individual capacity, but in his capacity as executor.

No. 5104. JANUARY 15, 1926.

Equitable petition. Before Judge Persons. Lamar superior court. September 19, 1925.

*H. J. Kennedy, Claude Christopher,* and *E. O. Dobbs,* for plaintiff in error.

*C. J. Lester,* contra.

HINES, J. On June 4, 1906, J. W. Stafford, "for and in consideration of the love and good will for Barnesville, and the sum of $1.00," conveyed to the City of Barnesville, for a park, a described tract of land, on the terms named in his deed of conveyance. His deed contained these provisions: 1. "The City of Barnesville agrees to accept said property . . for the exclusive use and benefit of the white . . citizens of said city, and agrees to put said park in reasonably good condition and keep it so." 2. "When said park is neglected for longer time than twelve months, or ceases to be used as a park, it reverts to the said J. W. Stafford, or his estate, or his heirs." In the habendum clause it is provided that the grantee is to hold the "premises with conditions named." On April 27, 1919, the grantor died testate. On August 8, 1924, R. A. Stafford filed his petition against the city, in which he alleged that he was the duly qualified executor of J. W. Stafford, deceased, and set out the terms of the above conveyance, a copy of which he attached to his petition. He further alleged that the provisions of said deed created and imposed upon the city a condition subsequent, that the city had wholly failed to comply with any of the conditions set forth in said deed, and had broken absolutely every condition therein named, that said lands were just as they were when said deed was made, had never been converted into a park, were utterly uncared for, and were nothing more than unimproved and unkept commons, lying in waste and neglect, in consequence of which the city had forfeited its right to said property or to use the same in any way, and petitioner is entitled to have said deed cancelled as a cloud upon his title, and is entitled to recover possession of said land under the terms of said deed. He

prayed for cancellation of said instrument, and for recovery of said land. The city demurred to the petition, upon the grounds: (1) that it does not set out a cause of action; (2) that the city has a title by prescription; (3) that the defendant has been guilty of laches; (4) that the testator waived by implication, during his life, the right to forfeit the title of the city to said land; (5) that the conditions contained in said deed are repugnant to the granting clause, and are therefore void; and (6) that the petition is brought by R. A. Stafford individually, and not as executor. The trial judge overruled the demurrer, and to this judgment the city excepted.

1. Properly construed, the deed conveyed to the City of Barnesville the land in dispute for a public park for the exclusive use of the white citizens of said city, upon the condition subsequent that the city would put said park in a reasonably good condition for said purpose, and keep it so, and that when said park was neglected by the city for a period longer than twelve months, or ceased to be used as a park, said land was to revert to the grantor or his estate or his heirs. *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968, 11 L. R. A. (N. S.) 398); *Davis* v. *Jones,* 153 *Ga.* 639 (112 S. E. 891). In this deed it is expressly provided that the land shall revert to the grantor or his estate, or his heirs, upon breach of the subsequent condition therein contained. While the law inclines to construe conditions subsequent so as to render their breach remediable in damages, rather than by forfeiture, still, where the plain words of the grant declare that a breach of the conditions shall defeat the estate granted, there is no room for construction. *Jones* v. *Williams,* 132 *Ga.* 782 (64 S. E. 1081). Under this deed the city, if it neglected, for a period longer than twelve months, to put this land in a reasonably good condition for a park, and to keep it so, forfeited its title thereto, and the premises reverted to the grantor. The petition in this case, alleges a breach of this condition subsequent, and sets forth a cause of action, unless certain contentions of the city are well founded.

2. But it is insisted by the city that the allegations of the petition show that it has prescriptive title to the premises in dispute, and that for this reason the petition should have been dismissed upon the ground of demurrer raising this point. Prescriptive title arising from pedis possessio is not involved, for the reason that the petition does not allege possession in the city for a

period of twenty years or more. The only ground then on which prescription can be based is that the petition shows that the city had possession of this land under color of title for a period of seven years or more. No such prescriptive title is shown, for several reasons. In the first place, the deed under which the city claims passes title, and is not color of title. Color of title implies that it is not valid to pass title. Crowder *v.* Doe, 162 Ala. 151 (50 So. 230, 136 Am. St. R. 17). In the second place, if the city could prescribe under this deed, the extent of its title would be no greater than that conveyed by this instrument. Color of title is any writing which defines the extent and character of a claim to land, with parties from whom it may come and to whom it may be made. *Beverly* v. *Burke,* 9 *Ga.* 440 (54 Am. D. 351) ; *Field* v. *Boynton,* 33 *Ga.* 239 (3) ; *Burdell* v. *Blain,* 66 *Ga.* 169; *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294). The city could have acquired by prescription no greater title than that defined in this deed. It follows that the city could only have acquired title subject to the above continuing condition subsequent; and it would be in no better fix under a prescriptive title acquired under this deed, treated as a color of title only, than it would be under the deed itself as a valid instrument. Besides, the petition does not allege all the elements essential to constitute title by prescription. For these reasons the demurrer to the petition should not have been sustained upon the ground that the petition disclosed that the city had a prescriptive title to the premises in dispute.

3. The fourth ground of the demurrer is as follows: "Said petition shows that the defendant has been guilty of laches and has not been diligent." Evidently, the pleader intended to allege that the plaintiff had been guilty of laches and had not been diligent, the use of the word "defendant" in this ground of the demurrer being a lapsus linguæ, or lapsus calami. We shall treat this ground of the demurrer upon that theory, as to do otherwise would make this ground meaningless. The petition seeks both equitable and legal relief. It seeks to have the deed from the plaintiff's testator to the city cancelled as a cloud upon the title. It then seeks to recover from the city the premises in dispute. It fails to make a case for equitable relief. As a general rule, equity will not lend its aid to enforce a forfeiture and to divest an estate for breach of a condition subsequent. 18 C. J. p. 379, § 438;

2 Washburn, Real Property (6th ed.), 22, § 963; 1 Tiffany, Real Property, 309, § 85; Warner *v.* Bennett, 31 Conn. 478. This case does not fall within any of the exceptions to the general rule. This being so, the petition makes no case for equitable interference. It, however, does make a case for legal relief. In essence and effect it is a statutory complaint for the recovery of this land, on the ground that upon the breach of the condition subsequent contained in the deed from the plaintiff's testator, under which the defendant claims, the title reverted to the grantor or his estate.

Upon breach of a condition subsequent, working a forfeiture, the person to whom the estate is limited may enter immediately. Civil Code (1910), § 3721. The grantor in a deed containing a condition subsequent, upon a breach thereof, is not revested with the title until there has been an entry. He may enter peaceably if he can, or assert his right to enter by an action for the recovery of the possession of the land against the grantee. Such an action is the equivalent of an entry. Moss *v.* Chappell, supra. At common law, ejectment would lie for the recovery of land on breach of a condition subsequent. Munston *v.* Gladwin, 51 Eng. C. L. R. 952. So being in effect a statutory action for the recovery of land, will the plaintiff be defeated by laches in the bringing of this suit? Since the adoption of our first Code, which went into effect January 1, 1863, there has been no statute of limitations in this State in respect to actions to recover realty. *Pollard* v. *Tait,* 38 *Ga.* 439; *Lopez* v. *Downing,* 46 *Ga.* 120; *Johnston* v. *Neal,* 67 *Ga.* 528; *Dean* v. *Feely,* 69 *Ga.* 804; *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289); *Ellis* v. *Smith,* 112 *Ga.* 480 (37 S. E. 739). Title by prescription has been substituted for the statute of limitations, as to realty. *Johnston* v. *Neal, Lopez* v. *Downing, Blocker* v. *Boswell,* supra. The doctrine of stale demands is a purely equitable one, and arises only whenever, from the lapse of time and laches of the plaintiff, it would be inequitable to allow a party to enforce his legal rights. *Ellis* v. *Smith,* supra; *Stanley* v. *Reeves,* 149 *Ga.* 151, 154 (99 S. E. 376). Equity follows the law, and will never close her doors against the true owner of land seeking to recover the same, when the complaint is made within a less time than that in which prescription could have ripened, and where no special circumstances appear demanding an earlier application. *Pierce* v. *Middle Ga. Land &c. Co.,* 131 *Ga.* 99 (61 S. E. 1114); *Stanley* v.

*Reeves,* supra. The defense of laches is thus not applicable to a complaint for the recovery of land; and even if this were an equitable proceeding, such defense would not be good.

4. It is next insisted that the testator, during his lifetime, waived by implication the right to forfeit the title of the city to this land. This position must be based upon the theory that this deed was executed on June 4, 1906, that the grantor died on April 27, 1919, that his executor instituted this suit on August 8, 1924, that the breach of the condition subsequent in the deed took place at the expiration of twelve months from its date, and that from this long delay in taking advantage of the breach the grantor impliedly waived the forfeiture arising therefrom. It is true that a forfeiture resulting from a breach of a condition subsequent may be released or waived, and the waiver may be either express or implied from the circumstances. *Moss* v. *Chappell,* and *Jones* v. *Williams,* supra. Acts inconsistent with the claim of forfeiture may sufficiently evidence such waiver. Andrews *v.* Senter, 32 Me. 394. A mere indulgence is never to be construed into a waiver of a breach of condition. Gray *v.* Blanchard, 8 Pick. (Mass.) 284. A mere silent acquiesence in, or parol assent to, an act which has constituted a breach of an express condition in a deed, will not amount to a waiver of a right of forfeiture for such breach. 2 Washburn, Real Property (6th ed.), 21, § 962; 1 Tiffany, Real Property, 296; Jackson *v.* Crysler, 1 Johns. Cas. 125. Long-continued silence of a grantor, where the grantee has failed to comply with an express condition subsequent, does not preclude him from insisting on a forfeiture and claiming possession of the premises. Trustees of Union College *v.* City of N. Y., 173 N. Y. 38 (65 N. E. 853, 93 Am. St. R. 569). Mere inaction does not amount to a waiver of a forfeiture for a breach of condition subsequent. Perry *v.* Davis, 3 C. B. (N. S.) 140 Eng. R. 945. A waiver or estoppel arises only when the grantor does some act inconsistent with his right of forfeiture, and where it would be unjust for him thereafter to insist upon a forfeiture. Applying the above principles, it does not appear from the allegations of the petition that the grantor or his executor have waived the forfeiture resulting from the alleged breach of the condition subsequent contained in this deed.

5. The next contention of the city is that the conditions contained in this deed are repugnant to the granting clause, and there-

38

fore null and void. There is no repugnancy between these conditions and the granting clause. There is no more repugnancy between them than in any conveyance of land upon a condition subsequent. The deed put title in the city to this land for the purpose of a park. The city could have kept the title to this land, and its white citizens could have had full enjoyment thereof for the purpose of a park, upon compliance by the city with the conditions upon which the grant was made. There is no repugnancy between the grant and the conditions.

6. · The city next contends that the action is brought by R. A. Stafford individually, and not in his capacity as executor. Construing the petition as a whole, the suit is brought by him, not individually, but in his capacity as executor.

7. So the trial judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Gilbert, J., disqualified.*