FOWLER *et al. v.* LATHAM *et al.*

No. 16825.   October 12, 1949.   Rehearing denied November 18, 1949, December 1, 1949.

*Robert B. Blackburn* and *S. T. Allen,* for plaintiffs.

*Thomas E. McLemore,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) In brief, the plaintiffs, who are now plaintiffs in error, claim under a prior unrecorded deed to a twelve-acre parcel of land, and the defendants claim under a subsequent recorded deed from the same grantor, and also by virtue of a year's support, setting aside described realty which the defendants claim included the disputed tract.

The amended motion for new trial contains 16 special grounds, and consists of 24 pages. Grounds 1 to 10 inclusive, covering 16 pages, attack the charge of the court. Grounds 11 and 12 are elaborative of the general grounds. Grounds 13 to 16 complain of the admission of evidence. It would serve no useful purpose to repeat here the language of this lengthy instrument.

Counsel for the plaintiffs specifically argue special grounds 1, 2, and 8. However, they insist that each of the grounds in

the motion for new trial are, for the reasons assigned, good, and that they should be sustained by this court.

Special grounds 13 and 14 complain that the court erred in admitting in evidence the record of the year's support, and a duly recorded quitclaim deed, executed by Mrs. Anna Mae Latham Fowler (Mrs. R. C. Fowler) to Mrs. Lillian P. Latham (Mrs. W. T. Latham), over the objections: (a) that it could not have been ascertained from the description as used in the year's support that any part of the twelve acres of land in dispute was shown to have been set aside as a year's support; and (b) that there was no testimony to lay a foundation for the introduction of the quitclaim deed, in that it does not affirmatively appear that the land therein referred to is any part of the land in dispute. There is no merit in this contention. An examination of the descriptive terms contained in the judgment setting aside the year's support, the descriptive terms contained in the quitclaim deed, and those contained in the prior unrecorded deed under which the plaintiffs claim title, shows without question that the judgment for a year's support and the quitclaim must necessarily have included the twelve-acre parcel of land. It follows that the trial court did not err in admitting the evidence for any reason assigned.

Special ground 15 complains that A. D. Farr, a witness for the defendants, was allowed to testify over objection that he had several discussions with George W. Latham regarding a deed from Jennie McDonald, and that George stated that he had forged a deed on his sister. Later he told the witness that Mrs. McDonald had agreed to give him a deed to straighten it out, and the witness replied that he had better date that deed back to the time he forged the deed. The witness not being a party to the case, and not having any interest therein, his testimony was admissible under the Code, § 38-309, which declares: "The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case."

Special ground 16 complains that the court erred in admitting in evidence, over the objection that it had no probative value and was incompetent and irrelevant, an affidavit signed by Mrs. Annie Mae Latham Fowler (Mrs. R. C. Fowler) in March, 1940,

wherein she stated: "That she is the oldest of the children of George W. Latham, now deceased, and that she remembers all the transactions between her father, George W. Latham, and W. T. Latham and is thoroughly and absolutely satisfied that W. T. Latham paid her father for all of the property that her father, George W. Latham, had any interest in, and that the heirs of George W. Latham [are] due nothing from the heirs of W. T. Latham." Mrs. R. C. Fowler, as one of the plaintiffs, testified at length about her recollection of the transactions between her father, George W. Latham, and W. T. Latham. In such circumstances, the court did not err in admitting her affidavit in evidence over the objection urged.

Special ground 1 complains because the court instructed the jury that, where a deed such as is sought to be established by the plaintiffs—that is the alleged deed from Mrs. Jennie McDonald to G. W. Latham, with remainder over to his children—does not appear to have been recorded, the burden of proof, as such, is on the plaintiffs to show that such deed was executed by the alleged grantor and was delivered to the grantee or grantees therein, with the intention to pass title to the premises, and that such deed purports to vest a life estate in G. W. Latham with the remainder over to his children.

After using the language complained of, the court instructed the jury: "If you find in favor of the plaintiffs, that said deed, alleged to be executed in the year 1902 from Jennie McDonald to G. W. Latham, was so executed, it would then follow as a matter of law that the alleged subsequent deed from Mrs. Jennie McDonald to G. W. Latham, alleged to be dated in 1911 and which deed did not convey any remainder interest to the children of G. W. Latham, but which conveyed the property to G. W. Latham in fee simple, would have no effect in law as between Mrs. Jennie McDonald on the one hand and G. W. Latham and his children on the other hand."

The charge complained of was in accord with the principles of law fixed in *Fowler* v. *Latham*, 201 *Ga.* 68 (supra), and did not, as contended, give undue stress to the burden of proof as imposed upon the plaintiffs. Furthermore, the charge, together with its context, fully submitted to the jury the contentions of the plaintiffs and the defendants as disclosed by the pleadings

and the evidence, and was not, as contended, misleading in that it was susceptible of being inferred by the jury that, unless the deed referred to was recorded, it would not be sufficient to pass title.

Special ground 2 complains of the charge: "In other words, even though one party may give a deed to another for life and the remainder over to his children, and if they do not go into possession of the property, and if they do not record the deed, then it is possible that that same grantor, Mrs. Jennie McDonald in this case, might subsequently make another deed granting the property to the same life tenant, who would be G. W. Latham, in fee simple, and that deed might be recorded and G. W. Latham might then sell that property to another person who may be a bona fide purchaser for value, and such purchaser might acquire good title to such property, for the reason that in purchasing that property he would not have notice either by recorded deed or by possession as required by law, of one who claims under the first deed."

This charge was likewise in accord with the principles of law fixed in *Fowler* v. *Latham,* 201 *Ga.* 68 (supra), and was properly adjusted to the contentions of the plaintiffs and the defendants as disclosed by the pleadings and the evidence.

Special ground 8 complains of the charge: "The person against whom prescriptive title is sought to be enforced is Mrs. R. C. Fowler, a plaintiff in this case, and as to the plaintiffs, that is, the children of G. W. Latham, the prescriptive title which is sought to be enforced in favor of Mrs. Lillian Latham and her children, it would not run against any of the plaintiffs during the period of time that the plaintiffs were minors, that is, it would not run until such plaintiffs become twenty-one years of age."

There was evidence from which the jury could have found that the children of G. W. Latham became 21 years of age during the years 1916 to 1926; also, that the defendants had paid taxes on the property from 1930 to 1940, and that the twelve-acre parcel had been "under fence" for 10 or 15 years.

The instruction complained of stated a correct principle of law, in regard to one of the defendants' contentions, and was in accord with the decision in *Latham* v. *Fowler,* 192 *Ga.* 686,

where this court said (on p. 691): "In suits to recover land, there is no statute of limitations in this State, title by prescription having been substituted for such statutes. *City of Barnesville* v. *Stafford*, 161 *Ga.* 588 (3, b), 592 (131 S. E. 487), and cit.; *Gunter* v. *Smith*, 113 *Ga.* 18 (38 S. E. 374). In so far as the petition sought a recovery of the land, it was not subject to demurrer as showing a prescriptive title in any defendant, for the reason that, while there were averments as to a deed from plaintiffs' father to his brother (husband of the defendant widow and father of the defendant children), executed in 1912, under which all the defendants are alleged to claim, and a year's support set apart in 1926 to the widow and children, which might have afforded good color of title (*Johnson* v. *Key*, 173 *Ga.* 586, 160 S. E. 794), the petition did not show any sort of actual possession by any defendant either for seven years under such color, or for twenty years without color of title. Code, §§ 85-401—85-407."

An examination of the remaining grounds of the motion for new trial shows them to be without merit. Mrs. W. T. Latham testified on the present trial, that "the home house, sixty acres, was set aside for a year's support. There wasn't anything about twelve acres." Counsel for the petitioners insist that the above testimony conclusively shows that a verdict was demanded in favor of the petitioners. As heretofore indicated, an examination of the descriptive terms contained in the judgment setting aside the year's support, and of those contained in the prior unrecorded deed under which the plaintiffs claim title, shows without question that the judgment for a year's support must necessarily have included the twelve-acre parcel. Since the jury returned a verdict in favor of the defendants, the statement, that "there wasn't anything about twelve acres," must have been interpreted by them to have simply meant that the judgment for a year's support did not specifically mention the particular twelve acres.

The evidence as to the principal issues in the case was in sharp conflict. The jury having resolved the issues of fact in favor of the defendants, it follows as a matter of course that there is no merit in the general grounds of the motion for new trial.          *Judgment affirmed.   All the Justices concur.*