## FLETCHER *v.* FLETCHER.

No. 17884. Argued May 12, 1952—Decided June 9, 1952.

186

*Philip Newbern* and *McDonald & McDonald,* for plaintiff in error.

*R. D. Smith* and *W. R. Mixon,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) This is a controversy between the original parties to the alleged contract, and does not involve the rights of innocent third parties. The primary object of the suit was to recover the land. A controlling question is whether the action was barred by the statute of limitations or by laches.

"If an original deed is lost, a copy may be established by the superior court of the county where the land lies." Code, § 29-113. The defendant did not demur on the ground that the petition failed to allege the date on which the deed was lost, and no ruling will be made in reference thereto.

There is no absolute rule as to what constitutes laches (*Equitable Building & Loan Assn.* v. *Brady,* 171 *Ga.* 576, 585, 156 S. E. 222), and in suits to recover land in this State title by prescription has been substituted for the statute of limitations. *Fowler* v. *Latham,* 206 *Ga.* 245, 251 (56 S. E. 2d, 272).

Under a reasonable construction, the allegations that the petitioner and her children were to be permitted to remain upon the property and receive a support therefrom, though she and her family did not continue to reside on the land longer than 1936, are not, as contended by the defendant, averments that the defendant forced them to leave or that he otherwise breached his contract. In the absence of an allegation that the defendant breached his contract in 1936, the petitioner could not at that time have maintained an action for recovery of the land. If the petitioner had any rights with regard to these matters, they could have been waived.

The allegation that the defendant renewed the loan with the Federal Land Bank was the averment of a fact that would have been consistent with eventual payment of the indebtedness, and the date when the renewal was made is not material to any issue in the case.

Under the allegations of the petition, the defendant could have complied with the alleged contract by paying off the indebtedness at any time during the 10-year period, and the petitioner was not entitled to recover possession until August 30, 1944. The suit was filed on February 11, 1950, within less than six years after the alleged cause of action arose.

Taking the allegations of the petition to be true, as must be done in considering the general demurrer, sufficient facts were alleged to set forth a cause of action for recovery of the land, and the trial court did not err in overruling the defendant's general demurrer.

*Judgment affirmed. All the Justices concur.*