## 38866. PHILLIPS v. JORDAN et al.

JORDAN, Chief Justice.

We reverse the trial court's grant of summary judgment for the defendants Evelyn Barfield Jordan and James Lamar Jordan, Jr. We hold that the claim of Sarah Evelyn Jordan Phillips for recovery of the subject property is not barred by limitations or laches.

Sarah Evelyn Jordan Phillips (the sister) conveyed to James Lamar Jordan, Sr. (her deceased brother) her one-half undivided interest in and to approximately 250 acres of land in Wilcox County. The conveyance gave her brother record title to the entire tract. Although the deed recites love and affection as the consideration, the sister's complaint against Evelyn Barfield Jordan (her deceased brother's widow) and James Lamar Jordan, Jr. (her deceased brother's son) alleged that the conveyance was in trust for the purpose of allowing her brother to purchase certain farm equipment and to provide for their mother during her lifetime, with the understanding between sister and brother that the sister's interest would be reconveyed to her upon their mother's death. Soon after the conveyance, the brother in fact obtained a farm equipment loan secured by the property.

The brother lived with the mother in the farmhouse and worked the farm for her benefit until, after a heart attack, she went to live with the sister. The brother and his wife moved from the property, which thereafter was rented during the lifetime of the mother, who received most, but not all, of the income from the property during the remainder of her life. The present action to recover the land was brought within seven years from the mother's death.

Neither limitations nor laches bars this legal action for recovery of land. *City of Barnesville v. Stafford,* 161 Ga. 588 (3) (131 SE 487) (1925). The action to recover the land was timely because it was brought within seven years of the death of the mother. *Fowler v. Latham,* 206 Ga. 245, 251 (56 SE2d 272) (1949). These principles also would apply in an action to enforce an implied trust on the land. *Gaul v. Kennedy,* 246 Ga. 290 (271 SE2d 196) (1980).

The defendants kept for themselves rather than paid over to the mother a certain sum received from the cutting of timber on the property toward the end of the lifetime of the mother but this conduct was not adverse to the sister's interest in recovering the land after the termination of the trust upon the death of the mother.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 5, 1982.

*D. E. Turk, Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Lewis, Hunnicutt, Taylor & Daniel, A. E. Daniel III, J. Wayne Hadden,* for appellees.